## 37010. TRIBBLE *v.* THE STATE.

DECIDED JANUARY 20, 1958.

*Daniel Duke,* for plaintiff in error.

*Paul Webb, Solicitor-General, Carter Goode, Eugene L. Tiller,* contra.

CARLISLE, Judge. W. E. Tribble was jointly indicted in two counts with Shirley Mae Prater, alias Shirley Brownlee, for the offense of larceny of two automobiles. Tribble was tried separately, and the jury returned a verdict of guilty on both counts. He filed a motion for new trial on the usual general grounds which he amended by the addition of two special grounds, and the exception here is to the denial of that motion.

Reduced to its simplest elements, the evidence showed that the defendant was employed as a salesman by Fred Walters Oldsmobile Corporation in Fulton County, Georgia; that he, along with other salesmen, had access to the keys to the new automobiles held by the corporation; that on or about the first day of June, 1956, a new "Super 88" four-door Oldsmobile bearing stated motor and serial numbers was parked on the premises of the corporation; that the next day the automobile was missing; that on that day an inventory of the new cars on the premises of the corporation was taken, and among the automobiles there at that time was a "98 Deluxe Holiday" Oldsmobile sedan of stated motor and serial numbers; that a day or so thereafter, this latter automobile was also found to be missing from the corporation's premises; that on or about June 1, 1956, the defendant approached one R. W. Eubanks, who operated

a used car business near Thomaston, Georgia, and negotiated a sale to him and later delivered a 1956 Oldsmobile "88" sedan bearing the motor and serial numbers and general description of the first mentioned automobile; that the defendant was paid $2,550 in cash for that automobile; that a day or two thereafter in response to an inquiry by Eubanks as to the availability of a a "98" Oldsmobile, the defendant negotiated a sale and delivered a "98" Oldsmobile sedan bearing the motor and serial numbers and being of the same general description as the other described automobile of the corporation and was paid $3,150 in cash for it; that on each occasion when these automobiles were delivered to Eubanks, the defendant was accompanied by a woman driving another Oldsmobile in which they departed; that on the occasion of the second delivery, Eubanks became suspicious of the defendant, noted the tag number of the automobile in which the couple departed, and reported the matter to the Georgia Bureau of Investigation; that the tag number of the automobile used by the defendant was the same as the tag number of an automobile furnished him by the corporation for his use while in their employ; and that this automobile was later found parked in front of an apartment occupied by the defendant and Shirley Mae Prater, and that after obtaining warrants the defendant was arrested and charged with the larceny of the two automobiles.

■ The first special ground of the amended motion for new trial complains of the failure of the court to give in charge to the jury the following timely written request: "Where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence."

This ground of the motion is not meritorious. While it may be conceded that this requested charge states a correct principle of law, it was not appropriate to the facts of the case. The evidence in the case indisputably proved that the defendant, a salesman for the corporation, had access to the keys to new cars, and that after the two automobiles were taken from the premises of the corporation, they were delivered by the defendant to the witness Eubanks in Thomaston, Georgia, who purchased the automobiles from the defendant and who paid him for them.

Eubanks positively identified the defendant as the person from which he purchased the automobiles and as the person who signed the bills of sale. The evidence was also undisputed that the defendant had no authority to make sales of automobiles on behalf of the corporation, or to execute bills of sale and receive direct cash payments therefor. These proven facts and circumstances were consistent with the theory of the defendant's guilt, if they did not demand a conviction. The defendant introduced no evidence, and in his statement merely denied that the witness Eubanks had correctly identified him as the seller of the automobiles. Thus, instead of relying on the facts and circumstances proven by the State and contending for some theory of innocence consistent with those facts, the defendant merely denied the incriminating evidence that he had been in recent possession of and had sold the stolen property. He thus advanced no theory of innocence which was equally consistent with the theory of guilt based on the proven facts, and for this reason the requested charge was not applicable to the case.

■ The second special ground of the motion for a new trial complains of the refusal of the trial court to permit a City of Atlanta detective, a witness for the State, to testify on cross-examination as to what statements the defendant made to the witness Eubanks when first confronted by Eubanks in the presence of the detective and some six or seven days after the larcenies. This ground fails to show that the answer would have been favorable to the defendant (and its exclusion thus harmful to him), and, if a favorable answer was expected, such testimony would not have been admissible since it would have been merely evidence of a self-serving declaration. Self-serving declarations of the defendant, whether made before or after the commission of the offense, are not admissible in behalf of the accused. *Barnes* v. *State,* 3 *Ga. App.* 333 (3) (59 S. E. 937) ; *Pope* v. *State,* 42 *Ga. App.* 680, 683 (157 S. E. 211) ; *Slappey* v. *State,* 64 *Ga. App.* 713, 714 (13 S. E. 2d 873). Statements made by a party after a transaction has been completed and not so nearly connected therewith in time or by events as to be wholly free from the suspicion of device or afterthought are not admissible in evidence on behalf of such party. *Hall* v. *State,* 48 *Ga.* 607; *Lyles* v. *State,* 130 *Ga.* 294, 299 (60 S. E. 578) ; *Hunter* v. *State,*

147 *Ga.* 823 (2) (95 S. E. 668); *Carswell* v. *State*, 10 *Ga. App.* 30 (1) (72 S. E. 602); *Jones* v. *State*, 62 *Ga. App.* 734 (2) (9 S. E. 2d 707); *Robinson* v. *State*, 75 *Ga. App.* 246 (2) (43 S. E. 2d 111).

■ The evidence amply authorized the verdict of guilty and, no error of law appearing, the trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*