40422. SELMAN v. CENTRAL OF GEORGIA RAILWAY COMPANY.

DECIDED JANUARY 17, 1964.

844

*Sheats, Parker & Webb, John Tye Ferguson,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin,* contra.

RUSSELL, Judge. ■ The court charged: "I have given you [the contentions of the defendant] in detail and I will not repeat them unnecessarily, but briefly they say that the collision was caused and the death of Mrs. Selman was brought about and proximately resulted from the negligence and carelessness of Mrs. Selman, who they say failed to exercise ordinary care in driving her automobile in the path of the train as it was entering upon the crossing, that had she exercised the diligence and care of an ordinarily prudent person that she would have seen, heard, or discovered the presence of the train . . . Gentlemen, in this regard I instruct you that *the plaintiff's decedent must herself have been in the exercise of ordinary care for her own safety."* He later charged, "If the injury or damage was occasioned by the failure of Mrs. Selman, the plaintiff's decedent, to exercise ordinary care for her own safety, the plaintiff could

not recover. If Mrs. Selman, *the plaintiff's decedent, could have avoided the consequences to herself caused by the negligence of the defendant, if any, then the plaintiff would not be entitled to recover.*" The italicized portion of the instruction is excepted to on the ground that the court did not further charge that the failure to exercise ordinary care on the part of the decedent to which he was referring must have proximately entered into the cause of her injury and death. In context it appears that the court charged on ordinary care first *in relation to* the defendant's contention that plaintiff's injury proximately resulted from her failure to exercise such care, and later that lack of such care would bar the plaintiff's recovery where the injury was occasioned by such failure. The instruction given was correct. Error may not be assigned on a pertinent and applicable instruction because another applicable provision of law is not also given in connection therewith.

■ Special ground 6 assigns error on the following: "If you find from the evidence that the deceased was familiar with the crossing, this knowledge, if there was such, would place upon her the duty to exercise ordinary care to avoid the consequences of the defendant's negligence in not maintaining a safety device or having a flagman or a watchman, if you find that this was in fact negligence, and if you find that the deceased failed to exercise such care, then there could be no recovery in this case." While we have held that in general, and in the context used, the court was applying in its instructions to the jury the notion that one is barred from recovery where his own failure to exercise ordinary care for his safety proximately causes his injury, we are in entire agreement with the plaintiff both that this is the true rule of law and that the jury must be so instructed. "It is not sufficient to prevent a recovery that the plaintiff may have been lacking in ordinary care and diligence to avoid the injury, 'but it must appear that by the use of such ordinary care and diligence she could have avoided the injury.'" *Cooper v. Ga. Power Co.*, 44 Ga. App. 581 (2) (162 SE 302). The petition in this case set out nine allegations of negligence against the railroad, only three of which were dealt with in the court's instruction here quoted regarding failure of the defendant to

have a safety device, flagman, or watchman at the crossing. It further alleged negligence on the part of the defendant in that the engineer did not toll the bell on approaching the crossing; that he ran the train at a negligently high rate of speed considering the congested commercial area being traversed; that the defendant's employees failed to apply the brakes (the engineer's evidence being that he could have stopped had he applied the brakes when he first saw plaintiff's automobile, but that he assumed she was going to stop) and that the defendant was negligent in failing to provide automatic gates at the crossing. The evidence showed that the plaintiff's decedent was in fact familiar with the crossing, that there was an automobile ahead of the decedent's car which paused at least momentarily on the track and required her to stop, and that there was a switching operation going on in the south or opposite direction from that in which the train was approaching which it was argued diverted her attention. Evidence as to the speed of the train was in conflict, but there was some evidence that it was traveling between 30 and 40 miles per hour, and that the engineer did not toll the bell. The jury might have determined under all the circumstances of the case that the failure of the defendant to have a flagman, watchman or signaling device was negligence, but negligence for which the plaintiff would not be entitled to recover in view of his wife's knowledge of these facts, and yet have found that the defendant was negligent in the manner in which it operated the train both as to speed and failure to slow down or toll a bell when the engineer actually saw the plaintiff's decedent adjacent to the tracks, whether he actually knew she was going to cross the tracks or not, and that the decedent's knowledge that there was no flagman or automatic signaling device would not bar the plaintiff from recovery, since these acts, if negligence, did not proximately cause her death. The charge as given utterly eliminated this theory of the case from the jury's consideration.

In *Louisville &c. R. Co. v. Stafford*, 146 Ga. 206, 209 (91 SE 29) the court held: "The railroad company might be negligent per se in violating the city ordinance and the statute in regard to running trains over public crossings, and the plaintiff might

be negligent per se in violating the statute in regard to running automobiles while approaching and crossing railroad tracks, but it would not necessarily follow that the negligence of the plaintiff would be the proximate cause of the injury, or that it would be as great as that of the defendant, or that the plaintiff by the exercise of ordinary care could have avoided the consequence of the defendant's negligence after it commenced or became apparent, or the circumstances would have afforded reason to apprehend its existence. The question of negligence and the degree of negligence of the respective parties would be for the jury under the particular facts. . . And the plaintiff would be guilty of negligence per se in approaching the crossing at a greater rate of speed than the statute prescribed, but the degree of her negligence would in all cases depend on the circumstances. . . . As the circumstances might enhance the danger his negligence would increase; but whether it should bar a recovery under the circumstances must be left to the jury. So also the time when the negligence of the defendant came into existence and was apparent or should have been apprehended, and whether after it became so the plaintiff by the exercise of ordinary care could have avoided the consequences thereof to himself, were questions for the jury." The plaintiff's wife's knowledge that there was no flagman, watchman, or signaling device at the crossing placed on her a duty to exercise ordinary care to avoid the alleged negligence of the defendant in failing to provide them; if, however, this was not the proximate cause of her injuries, then whether or not they provided them, and whether or not she exercised due care to guard against their negligence in failing to provide them, would not bar a recovery if the injury was in fact due not to these but to other acts of negligence. The instruction was not adjusted to the evidence and was abstractly incorrect; it demands a reversal of the case.

■ Special grounds 5 and 8 deal with an instruction by the court as to the provisions of *Code Ann.* § 68-1661 requiring a vehicle approaching a railroad grade crossing to stop within 15 and 50 feet from the nearest rail and not to proceed until he can do so safely "when: An approaching train is plainly visible and is in hazardous proximity to such crossing," in which con-

nection the court instructed the jury that a violation of the Code section would be negligence per se which, if they found it was the proximate cause of the injury, would bar the plaintiff from recovery. The charge was abstractly correct; whether or not there is sufficient evidence in this record from which any valid inference might be made as to whether the plaintiff did or did not stop (there being no direct testimony on the point) we need not decide since the case is being reversed for another trial.

■ It is contended by the defendant in error that any errors on the part of the trial court in instructing the jury should not result in a reversal of this case for the reason that the verdict as rendered is demanded by the evidence. This is urged on the basis that the evidence demands a finding to the effect that the plaintiff's wife was not in the exercise of ordinary care for her own safety in entering the railroad crossing at a time when a train was approaching; that had she looked she would have seen the train in ample time to stop, and that her contributory negligence was the proximate cause of her death. "It can not be said as a matter of law that the failure of a person approaching a railway crossing and unaware of the approach of a train to stop, look, and listen makes him guilty of such a want of ordinary care as will preclude a recovery by his widow for his death. *Atlanta & West Point R. Co. v. Wise,* 190 Ga. 254 (2) (9 SE2d 63); *Southern R. Co. v. Tankersley,* 3 Ga. App. 548 (60 SE 297)." *Louisville &c. R. Co. v. Patterson,* 75 Ga. App. 1, 5 (42 SE2d 163). "Questions as to what negligence constitutes the proximate cause of the injury, and questions as to whether the plaintiff could have avoided the consequences of the defendant's negligence by the exercise of ordinary diligence, are such as lie peculiarly within the province of the jury to determine. *L. & N. Railroad Co. v. Stafford,* 146 Ga. 206 (91 SE 29); *Central of Ga. R. Co. v. Larsen,* 19 Ga. App. 413 (91 SE 517)." *Central of Ga. R. Co. v. Barnett,* 35 Ga. App. 528, 531 (134 SE 126). Where, as here, there is some negligence on the part of the defendant, this court is not willing to say as a matter of law that the plaintiff's decedent was guilty of contributory negligence barring recovery so as to render any error in the instructions harmless.

The trial court erred in overruling the motion for a new trial. *Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*