42353. CRIDER v. THE STATE.

524

Submitted October 3, 1966— Decided October 11, 1966— Rehearing denied October 27, 1966—Cert. applied for.

*Johnson & Johnson, William P. Johnson,* for appellant.
*Wright Lipford, Solicitor General,* for appellee.

Nichols, Presiding Judge. ■ Numerous of the defendant's enumerations of error relate directly to the question of whether the officers who arrested the defendant and discovered the contraband liquor in the automobile being operated by him conducted an illegal search of such automobile.

At the time the defendant was arrested the State Patrol was conducting a "license check" on a highway in Heard County. The defendant, along with other motorists, was stopped and a trooper asked to see his license. The defendant first professed that he had left his billfold at home when another trooper recognized the defendant as having had his license revoked and arrested him. The defendant was then asked how much liquor he had and was told that the trooper would have to search his automobile. To this the defendant stated: "There's no use searching. I got almost three cases of red liquor. You can go ahead and search." The trooper then opened the trunk of the automobile where the liquor was located. The defendant, in his unsworn statement, confirmed the above facts with the following explanation. When asked if he had any liquor he remained silent, and when told of the proposed search he replied: "There's the car is."

The original arrest did not constitute an illegal arrest. See Ga. L. 1937, p. 322; Ga. L. 1951, p. 598 (*Code Ann.* §§ 92A-9906,

92A-9907). *Tanner v. State,* 114 Ga. App. 35 (150 SE2d 189). Therefore, the search was not in connection with an illegal arrest but was rather after a legal arrest.

"Where permission is voluntarily granted by one under legal arrest to search the premises on which the arrest is made, the search is legal and evidence obtained as a result of such search is admissible, although in connection with another crime than that for which the defendant was originally arrested. Harris v. U.S., 331 U.S. 145 (67 SC 1098, 91 LE 1399)." *Barron v. State,* 109 Ga. App. 786 (2) (137 SE2d 690). The testimony of the State as well as the defendant's unsworn statement showed permission to search the automobile was given. The statement of the defendant: "There's the car is," could only mean go ahead and search the car. Accordingly, the enumerations of error based upon illegal search and seizure and illegal arrest are without merit.

■ Enumeration of error number 6 complains that the trial court erred in admitting testimony that the defendant did not have a valid driver's license at the time he stopped for the "license check." The defendant in his unsworn statement admitted that he did not have a license when stopped by the patrol. Therefore, the admission of such evidence, if error, was not harmful error. See *Shelley v. State,* 108 Ga. App. 6 (2) (132 SE2d 228), and citations.

■ Under Rule 17 (c) (2) of this court, enumerations of error not supported in the brief by citations of authority or argument shall be deemed to have been abandoned. The seventh enumeration of error is not mentioned in the appellant's brief and must be considered as having been abandoned. See *Wall v. Rhodes,* 112 Ga. App. 572 (145 SE2d 756).

■ The eighth enumeration of error complains that an exhibit for the State was permitted to go to the jury room with the jury. In support of this enumeration of error it is contended that such exhibit was identified but never introduced in evidence. While the record discloses that such exhibit was identified by the court reporter it does not appear that exhibit was ever exhibited to the jury or that it was permitted to go to the jury room with the jury.

If this was known at the time the jury retired, objection should have been made which would be shown in the record, and if not discovered until after verdict, a motion for new trial raising such question is a necessary prerequisite to a consideration of such alleged error by this court. See Ga. L. 1966, pp. 493, 494.

■ The remaining enumerations of error complain of the court's charge. Under the decision in *Georgia Power Co. v. Maddox*, 113 Ga. App. 642 (149 SE2d 393), a general objection to the court's charge was insufficient to present for review the questions raised by the enumerations of error. Such procedure is made applicable to criminal cases by the Act of 1966, supra (Ga. L. 1966, pp. 493, 498).

*Judgment affirmed. Hall and Deen, JJ., concur.*