## 42846. ATLANTIC COAST LINE RAILROAD COMPANY v. HALL LIVESTOCK COMPANY.

DEEN, Judge. 1. This case involves a grade crossing collision between one of the defendant's trains and a tractor and wagon belonging to the plaintiff. The plaintiff's employee testified that he drove the tractor from a field to a road paralleling the track and about 200 yards from the crossing; stopped at a point 162 feet from the crossing, but not hearing the train, and his vision being obscured by tall weeds along the track, he proceeded onto the track where the vehicle was struck by the train. The evidence authorized, although it did not demand, a finding that the defendant was guilty of negligence in exceeding the speed limit, failing to signal its approach, and other particulars. A verdict in favor of the plaintiff was therefore authorized unless the defendant proved by uncontradicted evidence that notwithstanding its negligence the plaintiff's employee was not in the exercise of ordinary care for his own safety in such manner as to preclude recovery. Photographs of weeds along the track with contradictory testimony relating thereto were introduced by both sides; it cannot be said under all the evidence that the issue of the plaintiff's contributory negligence was established as a matter of law. See *Selman v. Central of Ga. R. Co.,* 108 Ga. App. 843 (134 SE2d 816); *Bryson v. Southern R. Co.,* 3 Ga. App. 407 (3), 409 (59 SE 1124). The general grounds of the motion

for a new trial are without merit. This being so it becomes unnecessary to pass on the motion requesting this court to hold that the motion for judgment notwithstanding the verdict was insufficient to raise any question for decision. However, in this connection see *Crosby Aeromarine, Inc. v. Hyde,* 115 Ga. App. 836 (156 SE2d 106).

2. Following a long line of cases, and under facts very similar to the case at bar, this court held in *Callaway v. Cox,* 74 Ga. App. 555, 557 (40 SE2d 578) as follows: "The trustee also contends that the deceased was guilty of negligence barring a recovery, by going down the highway on a road parallel to the railroad tracks, and turning to the right into the cross-road in the path of the oncoming train, for the reason that if he had looked he could have seen the train approaching. It has been held many times that this court can not say as a matter of law that the failure on the part of a person approaching a railroad crossing, and unaware of the approach of a train, to stop, look, or listen, makes him guilty of a lack of ordinary care, such as would prevent a recovery in an action for ordinary negligence." Since that and similar cases, however, the enactment of *Code Ann.* § 68-1661 renders it negligence per se to fail to stop within 15 to 50 feet of the nearest rail of a railroad crossing if one of the following sets of circumstances exists: a signal device in operation and warning of the immediate approach of a train, a lowered crossing gate or flagman signaling the approach of a train, or where "an approaching train is plainly visible and is in hazardous proximity to such crossing." The appellant contends that this statute supersedes statements such as that from the *Callaway* case above quoted, and that it was error to instruct the jury, as the court did, that "There is no statutory law in Georgia which requires the operator of a motor vehicle to stop, look and listen before going on a crossing." The statute certainly puts a duty on the operator of a motor vehicle to look, but it puts no duty on him to listen and no duty to stop unless there is a signaling device or unless the train is "plainly visible." The case law dealt with persons *unaware* of the approach of a train and left the question to the jury whether they had exercised ordinary care in using their senses to ascertain its presence. The statute law makes failure to use one's sense of sight and to stop under given circumstances the

equivalent of negligence as a matter of law. The two legal principles are so interrelated that, at least where one of the circumstances enumerated in *Code Ann.* § 68-1661 is present, an instruction such as that given here would be misleading and erroneous. In the present case, however, while there is considerable conflict in the evidence over whether the driver *could* have seen the train or heard it if he had stopped at a place other than where he did in fact stop to look or listen and look, the evidence is undisputed that the crossing was unequipped with a signaling device or flagman and that grade contour and weeds offered substantial obstruction to, if they did not in fact completely eliminate, the view of the crossing. The pictures and testimony in regard thereto fail to show that the train would have been "clearly visible" until the plaintiff had approached within less than 15 feet of the track. Since the Code section in question was not applicable, the error in the instructions was harmless.

*Judgment affirmed. Jordan, P. J., concurs. Quillian, J., concurs specially.*

ARGUED JUNE 7, 1967—DECIDED JUNE 20, 1967—REHEARING DENIED JULY 26, 1967—

*Perry, Walters, Langstaff & Lippitt, Jesse W. Walters,* for appellant.

*Carlisle & Chason, Ralph E. Carlisle,* for appellee.

QUILLIAN, Judge, concurring specially as to Division 2 and the judgment of affirmance. The appellant enumerates as error a portion of the trial judge's charge to which the following objection was offered: "Your Honor charged that there is no statute in Georgia requiring the operator of an automobile to stop prior to crossing a railroad, and I have to say that I except to that charge."

The appellant failed to state distinctly the grounds of his objection as required by *Code Ann.* § 70-207 (Ga. L. 1965, pp. 18, 31; Ga. L. 1966, pp. 493, 498). Thus, this enumeration of error presents nothing for review. *Georgia Power Co. v. Maddox,* 113 Ga. App. 642 (2) (149 SE2d 393); *Crider v. State,* 114 Ga. App. 523 (5) (151 SE2d 792).