## 45401. NELSON et al. v. SEABOARD COAST LINE RAILROAD COMPANY.

BELL, Chief Judge. This case arose out of a grade crossing collision between an automobile operated by the deceased wife and mother of plaintiffs and defendant's engine at a public crossing within the limits of Valdosta, Ga. At the close of plaintiffs' case, the trial court directed a verdict for defendant.

The engineer testified that the distance from Forrest Street crossing to the Fry Street crossing, where the collision occurred, was about 300 feet; that when about halfway to the latter crossing he looked out to his right toward Fry Street and saw no one approaching. He did not again look out to his right, keeping his view straight down the track, until he was about 40 to 50 feet from the crossing when he observed the deceased approaching the crossing at a rapid speed. An engineer has the duty of keeping and maintaining a constant and vigilant lookout along the track ahead of the engine. *Code* §§ 94-506, 94-507; *Southern R. Co. v. Florence,* 81 Ga. App. 1 (57 SE2d 856). The evidence that the engineer did not again look out to his right until just immediately before impact raises an issue of fact as to whether there was negligence on the part of defendant as a jury might conclude from this that the engineer was not keeping a constant and vigilant lookout as he approached the crossing.

Further, it was stipulated that a Valdosta ordinance established a

35-mile per hour speed limit for trains at this locality. The engineer estimated his speed at about 20 miles per hour. Other evidence revealed that the engine struck the automobile in the left front portion and carried the car a distance of approximately 450 feet down the track before coming to a halt. Although there is no direct evidence that the speed was in excess of 35 miles per hour, the distance the train traveled after the collision is a circumstance from which a jury might infer excessive speed. The jury is not bound to accept the opinion testimony of the engineer thatis speed was not in excess of 35 miles per hour. *Central of Ga. R. Co. v. Dumas,* 44 Ga. App. 152 (5) (160 SE 814).

Accordingly, there were issues of fact for jury resolution. It was error for the trial court to direct a verdict for defendant.

*Judgment reversed. Quillian and Whitman, JJ., concur.*
ARGUED JUNE 1, 1970—DECIDED SEPTEMBER 9, 1970—
REHEARING DENIED SEPTEMBER 29, 1970.

*Burch & Boswell, John S. Boswell, Sr.,* for appellants.

*Alexander, Vann & Lilly, William U. Norwood, Young, Young & Ellerbee, Cam U. Young.* for appellee.