45242. BAXTER et al. v. BRYAN et al.

ARGUED APRIL 6, 1970—DECIDED OCTOBER 8, 1970—
REHEARING DENIED NOVEMBER 16, 1970—

*Fulcher, Fulcher, Hagler, Harper & Reed, N. William Pettys, Jr.,* for appellants.

*Sanders, Hester, Holley, Ashmore & Boozer, Marguerite M. Miller, Otis F. Askin,* for appellees.

QUILLIAN, Judge. ■ Enumeration of error number 2 argues that

the trial judge erred in charging the jury that it is negligence per se for a driver to operate a vehicle in excess of the speed limit, and erred in authorizing the jury to find that defendant Mrs. Baxter operated her vehicle in excess of the speed limit, and that she thereby was negligent per se.

The evidence revealed that: at the time of the collision, both the Bryan car and the Baxter car were traveling south on Berckman Road; Mrs. Bryan had entered Berckman Road from Heath Drive, having just made a right turn onto Berckman Road from Heath Drive; the impact occurred 66 feet south of the intersection, estimated by the policeman, C. R. Turner, who measured the marks to be approximately three car lengths; it occurred at a point where Mrs. Bryan had just gotten straightened out after making her turn; Mrs. Baxter skidded 80 feet prior to the point of impact (66 feet beyond the intersection) and 40 feet beyond the point of impact; a stop sign was located on Heath Drive, requiring vehicles entering Berckman Road from Heath Drive to stop before entering; the speed limit for traffic on Berckman Road was 40 miles per hour; C. R. Turner, the investigating policeman who had had six years' experience with the police department, measured the skid marks made by the Baxter vehicle but was unable to estimate or give an opinion as to the speed of the Baxter vehicle.

Mrs. Baxter testified on direct examination that she did not think she was driving over 40 miles per hour when she first saw the Bryan automobile and that she applied the brakes; on cross examination she testified she did not know how fast she was going when the collision occurred.

The appellants argue that the instruction excepted to was error because there was no evidence which would have authorized the jury to determine that Mrs. Baxter was exceeding the speed limit. Mrs. Bryan testified that the defendant "had to be going at a terrific rate of speed" based on what she saw and heard at the time of the collision. Also there was evidence of the skid marks made by the defendants' automobile. The appellees argue that this evidence would be sufficient to authorize the jury to find that Mrs. Baxter was exceeding the 40 m.p.h. speed limit. With this contention we agree.

While there was no opinion testimony as to the rate of speed

the Baxter automobile was traveling, the circumstantial evidence was sufficient to support a finding by the jury that the Baxter automobile was traveling in excess of the 40 m.p.h. speed limit. In *Shockey v. Baker,* 212 Ga. 106, 110 (90 SE2d 654), it was held: "Although evidence may be entirely circumstantial as to the rate of speed of an automobile, it may be sufficient to support a reasonable conclusion reached by the jury on the issue of negligence. Evidence of the force of the impact of a collision, or as to the distance which the automobile that caused the injury traveled from the point of the collision until it stopped, may of itself, and in connection with other circumstances, be sufficient to warrant a finding of the jury of negligence as to speed. 10 Blashfield, Cyc. of Automobile Law and Prac. (Perm. Ed.), § 6560; Lonasco v. Veill, 158 Pa. Sup. 456 (45 A2d 417); Kins v. Deere, 359 Pa. 106 (58 A2d 335); Bozman v. State, 177 Md. 151 (9 A2d 60); Hawkins v. Burton, 225 Iowa 707 (281 NW 342); Vercruysse v. Cascade Laundry Co., 193 Wash. 184 (74 P2d 920); Graham v. Roderick, 32 Wash. 2d 427 (202 P2d 253, 6 ALR2d 1237)." See *Justice v. Bass,* 114 Ga. App. 353, 358 (151 SE2d 511). See also *Nelson v. Seaboard C. L. R. Co.,* 122 Ga. App. 521 (177 SE2d 799).

■ The third enumeration of error complains of the trial judge's failure to charge the jury in regard to certain matters. There being no proper objection made in compliance with *Code Ann.* § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078), the enumeration is not considered. *Chalkley v. Ward,* 119 Ga. App. 227 (4) (166 SE2d 748).

■ Under enumeration of error 4 the appellant made the following objection to a portion of the charge: "This same charge further authorizes the jury to find that there are permanent injuries and that they can give damages for permanent injuries as a distinct item. Also, the charge is erroneous in that it authorizes the jury to return a verdict for damages for physical pain and suffering as a distinct item and mental suffering as a distinct item. We submit that these are not distinct items, but all one item of damage." We quote a part of the charge to which the objection refers: "Upon the question of damage, I charge you that there are several elements of damages which may be considered, as you may find the evidence in the case. You may find there is permanent injury,

which Mrs. Bryan contends that she has suffered. And you have the right to give damages for that as a distinct item. If you find there was physical pain and suffering, you have a right to give damages for that as a distinct item. If you find there was mental suffering, you have a right to give damages for that as a distinct item of damages."

When damages are sought for permanent injury, better practice might be to charge that permanent injury should be considered as it relates to the following elements, to wit: (a) physical pain and suffering; (b) mental suffering and anxiety; (c) loss of ability to labor. Moreover, the term permanent injury has been utilized with regard to diminution of one's capacity to earn money or loss of future earnings. *Richmond & D. R. Co. v. Allison,* 86 Ga. 145, 147 (12 SE 352, 11 LRA 43); *Ga. R. &c. Co. v. Carroll,* 143 Ga. 93 (5) (84 SE 434). Counsel for defendants also contended the charge was erroneous as an abstract principle of law and did object to the quoted charge, as a whole, on the ground that it was not adapted to the evidence, but did not make the point that if permanent injury be equated to loss of future earnings there was nothing to show such loss. On review our consideration is limited strictly to the ground of objection stated at trial. *McChargue v. Black Grading Contr.,* 122 Ga. App. 1, 4 (176 SE2d 212); *Seaboard C. L. R. Co. v. Clark,* 122 Ga. App. 237, 242 (176 SE2d 596).

With regard to the objections made, the instruction was not erroneous as an abstract principle of law and we can not hold the court committed harmful error. In *Brush Electric Co. v. Simonsohn,* 107 Ga. 70, 73 (32 SE 902), where the Supreme Court considered whether certain language would lead the jury into giving double damages, the following charge was approved: "Upon the question of damages, I charge you that there are several elements of damages which may be considered, as you may find the evidence in the case. If you find there are permanent injuries, you have the right to give damages for that as a distinct item. If you find there was physical pain and suffering, you have the right to give damages for that as a distinct item. If you find there was mental suffering, you have the right to give damages for that as a distinct item. You have the right to give damages for that mental suffering which a man may have from the consciousness that his

earning capacity is injured for life. That is one element of damage." See *McDuffie v. Tanner,* 108 Ga. App. 213, 219 (132 SE2d 675). See also 22 AmJur2d 168, Damages, §§ 116, 117. The charge complained of was given in substantially the same terms. Hence, the enumeration of error is without merit.

■ The appellants argue that the trial judge erred in refusing to submit to the jury the question of damages rendered to their automobile.

The failure to submit the question of damages to the defendants' automobile was harmless because the jury rejected the defendants' contention as to liability generally. *Stubbs v. Greyhound Lines, Inc.,* 116 Ga. App. 58 (2) (156 SE2d 474).

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*