## 46746. NELSON et al. v. SEABOARD COAST LINE RAILROAD COMPANY.

EVANS, Judge. This is a wrongful death case. Jesse J. Nelson, Jr., husband, and as next friend of his three minor children, sued Seaboard Coast Line Railroad Company for the wrongful death of his wife, the mother of these children. The homicide occurred when an automobile driven by the deceased collided with a switch engine at a railroad crossing in the City of Valdosta. At the first trial a verdict was directed for defendant. This court reversed in *Nelson v. Seaboard C. L. R. Co.*, 122 Ga. App. 521 (177 SE2d 799), holding that there were issues of fact for jury determination. The case came on for trial a second time, and resulted in a verdict for defendant. The judgment followed the verdict. A motion for new trial was filed and overruled, and the appeal is from that judgment.

Error is enumerated as to (1) the failure of the court to file certain written requests to charge with the clerk; (2) failure to charge the jury that this court in *Nelson v. Seaboard C. L. R. Co.*, supra, had reversed the lower court; (3) charging defendant's written request No. 3 to the effect that one voluntarily takes the risk of danger in trying to beat an approaching train across the track; (4) charging the jury as to the authority of the City of Valdosta to erect dangerous railway crossing signs without giving other requirements of law with reference to grade crossings within a municipality; (5) instructing the jury, while the trial was in progress, that counsel for plaintiff was in error in arguing the law as to the presumption statute in his opening statement; and (6) overruling plaintiff's motion for new trial which was based on the general grounds only. *Held:*

1. While the trial court violated § 17 of the Appellate Practice Act, infra (*Code Ann.* § 70-207), in failing to file the written requests to charge with the clerk, no harm has been shown whereby the trial court should be reversed. Accordingly, this enumeration of error is not meritorious.

2. We know of no requirement that the jury be instructed that the trial court erred in directing the verdict on a previous trial. There is nothing in *Nelson v. Seaboard C. L. R. Co.,* 122 Ga. App. 521, supra, requiring such instruction to the jury on the second trial of the case.

3. Prior to charging the jury, the court allowed counsel for each party an opportunity to object to the written requests to charge submitted by the opposing party. Counsel for plaintiff objected to defendant's request No. 3, and the court advised that he would not give all of written request to charge No. 3 as submitted by defendant but would give all but the last sentence, and counsel for plaintiff again objected to the giving of written request to charge No. 3, but never stated the ground of his objection. While the judge was charging the jury he did charge *all* of said request No. 3, including the last sentence, and at the conclusion of the charge, inquired if counsel for either party had any objections to the charge as given. Each said he had no objections. Plaintiff enumerates as error the giving of the last sentence of said request No. 3, which was as follows: "It is the situation in which one voluntarily takes the risk of danger which is so obvious that he knows or must know, as in trying to beat an approaching train across the track." Plaintiff failed to state his ground of objection to the charge when the first opportunity was afforded; and failed to make any objection at all at the conclusion of the charge, when invited to do so. Thus, no valid complaint can be lodged in this court as to the giving of this language in the court's instructions to the jury. *Code Ann.* § 70-207 (§ 17, Ga. L. 1965, pp. 18, 31, as amended; Ga. L. 1966, pp. 493, 498; 1968, pp. 1072, 1078). In the recent case of *A-1 Bonding Service, Inc. v. Hunter,* 125 Ga. App. 173, 179 (186 SE2d 566) this court held: "He shall state distinctly the matter to which he objects *and the grounds of his objection."* (Emphasis supplied.) This complaint is not meritorious.

Similarly, all other enumerations on the charge as given

are not meritorious since objections were not made at the time the court gave counsel opportunity to make them. *Black v. Aultman,* 120 Ga. App. 826 (172 SE2d 336).

4. During plaintiff's argument counsel was discussing the allegations of negligence as between the plaintiff and the defendant, including plaintiff's allegations as to the failure of the engineer to keep and maintain a constant and vigilant lookout; and contrasted same with defendant's allegation that the plaintiff failed to stop, look and listen. He cited in connection with this discussion the case of *Selman v. Central of Ga. R.,* 108 Ga. App. 843 (134 SE2d 816). The court assumed he was arguing in reference to *Code* § 94-1108 (the presumption statute) and instructed the jury that what counsel was arguing would not be applicable to this case, and specifically instructed the jury to disregard any such reference to the presumption of negligence arising against the defendant. A reading of the colloquy does not disclose that the objection set forth in the enumeration of error was the same objection made during the trial. Further, the discussion that was held outside the presence of the jury fails to disclose how the admonishment to counsel "not to go into the presumption statute any further" would have been damaging to the plaintiff while arguing the law to the court in the presence of the jury. There is no merit in this enumeration of error.

5. The jury heard the evidence, and, although conflicting, it was sufficient to authorize a verdict for the defendant. The lower court did not err in overruling the motion for new trial based upon the general grounds.

*Judgment affirmed. Bell, C. J., and Eberhardt, J., concur.*
Argued January 3, 1972—Decided February 23, 1972—
Rehearing denied March 21, 1972.

*Burch & Boswell, John S. Boswell, Sr.,* for appellants.
*Alexander, Vann & Lilly, William U. Norwood,* for appellee.