## 51241. REVERE v. THE STATE.
## 51242. SPENCE v. THE STATE.

STOLZ, Judge.

This is an appeal from the conviction of defendants Revere and Spence for theft by taking.

1. The defendants enumerate as error the denial of the right to twenty peremptory challenges to prospective jurors. The record discloses that the trial court judge granted the defendants twenty strikes and offered to grant them an additional five strikes apiece. Code Ann. § 27-2101 provides in part: "When two or more defendants are tried jointly for a crime or offense said defendants shall be entitled to the same number of strikes as a single defendant if tried separately." Thus, the defendants were entitled to twenty, not forty, strikes. This enumeration of error is without merit.

2. The evidence was sufficient to support the verdict.

3. The remaining enumerations of error are without merit.

*Judgment affirmed. Deen, P. J., concurs. Evans, J., concurs specially.*

SUBMITTED SEPTEMBER 29, 1975 — DECIDED NOVEMBER 26, 1975.

*Hudson John Myers,* for appellants.
*Edward E. McGarity, District Attorney,* for appellee.

EVANS, Judge, concurring specially.

I concur fully in the judgment and the majority opinion except as to Division 3.

As to said division, the majority simply states there is no merit in any of the remaining enumerations of error. I have a different view. It is my belief that there is merit in some of the remaining enumerations of error, particularly as to the court's statements in the presence of the jury about the forfeiture of bond, the statements about the co-indictees and their whereabouts, the general tenor of which was to bring to the jury's attention matters which had no proper place in the trial. But the duty is first on the defendant's counsel to object and move for mistrial, and then after an adverse verdict and enumeration of errors,

he is required to argue these questions and cite authorities in his brief in order for this court to consider such enumerations, otherwise they are considered as waived. See *Crider v. State,* 114 Ga. App. 523 (3) (151 SE2d 792); *Flexible Products Co. v. Lavin,* 128 Ga. App. 80 (3) (195 SE2d 677); *Andrew v. State,* 229 Ga. 388 (191 SE2d 841).

This special concurrence is not written to embarrass counsel, but to alert him as to these requirements so he will have his brief in proper order on his next appeal.