## 56538. HOWARD v. THE STATE.

SHULMAN, Judge.

Defendant was indicted for murder and, following a jury trial, was convicted of voluntary manslaughter. On appeal, for the reason stated in Division 5 of this opinion, we reverse the judgment.

1. Appellant challenges his conviction on the general grounds. Sufficient evidence to authorize the conviction is set forth in Division 5 of this opinion (see, e.g., *Eason v. State,* 217 Ga. 831 (2) (125 SE2d 488)). Accordingly, this enumeration affords no ground for reversal.

2. Over appellant's objection that the state was improperly interjecting the appellant's character into evidence, the state was permitted to introduce evidence of previous difficulties with, and appellant's acts of violence toward, the victim. Appellant asserts that the trial court erred in denying his motion for mistrial.

This enumeration is controlled adversely to appellant by *Wells v. State,* 135 Ga. App. 421 (218 SE2d

131).

3. Contrary to appellant's contentions, the introduction of photographs of the decedent did not constitute reversible error. *Floyd v. State,* 233 Ga. 280 (III) (210 SE2d 810).

4. Based on *Patrick v. State,* 75 Ga. App. 687 (2) (44 SE2d 297), appellant submitted a written request to charge as follows: "Where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence."

Although the requested charge has been considered and approved (see *Geter v. State,* 226 Ga. 236 (5) (173 SE2d 680)), the requested charge was without evidentiary support.

The defendant did not testify at trial. His statements to law enforcement officials, however, were allowed as evidence. These statements included: (1) a denial that the defendant was near the scene of the homicide or with the victim; (2) an admission that the defendant was present at the scene of the crime on the day of the homicide, but a statement that the defendant left the residence to purchase either liquor or cheese and found the victim's body on his return; (3) a statement that the accused was driven from the scene of the homicide either by taxicab or by a private party. The evidence further showed that the accused did not call the police or an ambulance following the discovery of the body of his slain companion. As the facts in evidence did not rise to the level of presenting a theory consistent with innocence, the trial court properly refused the charge. *Tribble v. State,* 96 Ga. App. 878 (101 SE2d 882); *Bowen v. State,* 128 Ga. App. 577 (197 SE2d 738).

5. More troublesome, however, is appellant's correct assertion that the trial court totally failed to give any charge whatsoever on circumstantial evidence. Evidence cited by the state to authorize the conviction, however damning it may be, is wholly circumstantial (see, e.g., *Nair v. State,* 236 Ga. 892 (1) (226 SE2d 61)): a past history of violence toward the victim (the woman with whom appellant was living); evidence that the victim and

appellant were arguing the morning of the crime; appellant's admitted discovery of the fatally stabbed body of his companion, coupled with evidence that appellant failed to inform anyone of this discovery, and evidence of flight; testimony that the accused was seen in the neighborhood on the day of the homicide; and blood stains on appellant's shirt consistent with the victim's, but not appellant's, blood type.

The defendant did not have the obligation to offer a theory consistent with innocence. Rather, the state had the burden of proving guilt. In a case such as this one, involving wholly circumstantial evidence, the law demands that "the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code Ann. § 38-109.

A. Our task of determining whether the failure to charge on circumstantial evidence, absent an appropriate written request, turns on whether this was a "close or doubtful case." See, e.g., *Germany v. State,* 235 Ga. 836 (2) (221 SE2d 817).

In the instant case, unlike *Germany,* there was no direct evidence connecting the accused with the crime and no direct evidence of his participation in even some of the elements of the crime charged. It cannot be said that the evidence in this case was neither close nor doubtful. Accordingly, the failure to charge in accordance with Code Ann. § 38-109 requires reversal so that a jury may consider the evidence under proper instructions. *Weaver v. State,* 135 Ga. 317 (2) (69 SE 488); *Boyd v. State,* 201 Ga. 853 (2) (41 SE2d 309). Compare *Hawes v. State,* 240 Ga. 327 (3) (240 SE2d 833) and *Germany,* supra. Also compare *Barrow v. State,* 80 Ga. 191 (3) (5 SE 64), where testimony showed that the accused was at the scene of the homicide, engaged in physical combat with the deceased.

B. We reject the state's contention, citing *Germany,* supra, and *Campbell v. State,* 129 Ga. App. 836 (2) (201 SE2d 666), that the failure to charge was harmless because the defendant failed to offer a reasonable hypothesis consistent with innocence. In *Campbell,* there was no testimony offered to rebut direct testimony of, and the corresponding presumption arising from (see, e. g.,

*Selph v. State,* 142 Ga. App. 26 (234 SE2d 831)), the accused's recent possession of stolen property. We know of no presumption of homicide applicable to the instant case which arises from the unexplained presence of blood stains on an accused's hands and shirt. In *Germany,* eyewitness testimony established that the accused was actively participating in an attempted armed robbery; that the accused was seen beside the purse from which money was allegedly taken; and that the contents of the purse were scattered about the floor near the accused. Circumstantial evidence was relied on to prove the accused had taken the money. In *Germany,* the circumstances simply presented only one reasonable hypothesis, i.e., that the defendant was guilty of the offense charged, and the defendant offered no hypothesis of innocence. See also *Hawes v. State,* supra, Division 3.

6. Appellant was arrested at his sister's home, approximately six hours after appellant, by his own admission (in a statement), discovered the body. The trial court properly charged on flight. *Nair v. State,* supra, Division 2; *Allen v. State,* 137 Ga. App. 302 (6) (223 SE2d 495); *Kalb v. State,* 195 Ga. 544 (3) (25 SE2d 24), overruled on other grounds *Howard v. State,* 237 Ga. 471, 474 (228 SE2d 860).

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

Submitted September 20, 1978 — Decided January 5, 1979.

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jerry W. Baxter, Donald J. Stein, Assistant District Attorneys,* for appellee.