## A95A0579. DECKER v. THE STATE.
(459 SE2d 586)

BLACKBURN, Judge.

David Decker was found guilty of failing to yield to a train in violation of OCGA § 40-6-140 (a) (3) and sentenced to pay a $250 fine. This appeal followed entry of judgment and conviction.

1. In his first and third enumerations Decker challenges the sufficiency of the evidence asserting that the trial court erred in refusing to grant his motion for directed verdict of acquittal and that the evidence was insufficient to support his conviction.

The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), "is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

On January 31, 1994, Decker, while operating a tractor-trailer, collided with a train when he traversed a railroad crossing in Waycross, Georgia, without stopping. At trial, the engineer testified that the train could have been seen from the intersection for 600 to 700 feet; that he blew the train's horn over the length of that distance; that the train's single beam headlight was on full-bright and operational; and that Decker swerved left and then right before crossing the tracks. Further, while the traffic light immediately beyond the crossing was green at the time of the accident, Decker testified that he proceeded through the crossing only after looking and seeing neither vehicular traffic nor a train.

OCGA § 40-6-140 (a) (3) imposes "a duty to stop at crossings if the driver *could have* seen the approaching train regardless of whether or not he *did* in fact see it. *Central of Ga. R. Co. v. Leonard*, 49 Ga. App. 689, 701 (176 SE 137)." *Atlanta &c. R. Co. v. Armstrong*, 138 Ga. App. 577, 578 (227 SE2d 71) (1976). "On appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]" *Grant v. State*, 195 Ga. App. 463, 464 (393 SE2d 737) (1990). We conclude that the trial court properly denied Decker's motion for directed verdict of acquittal, and the jury was authorized under the standard of *Jackson*, supra, to find the appellant guilty beyond a reasonable doubt of the offense charged.

2. Decker also enumerates as error the trial court's failure to charge the jury that OCGA § 40-6-140 (a) (3) "puts a duty on the operator of a motor vehicle to look, but it puts no duty on him to

listen and no duty to stop unless there is a signaling device or unless the train is 'plainly visible[,]' " citing *Atlantic Coast Line R. Co. v. Hall Livestock Co.*, 116 Ga. App. 227, 228 (156 SE2d 396) (1967), a civil action.

This enumeration is without merit because Decker agreed to the charge the court indicated it would give as to OCGA § 40-6-140 and which was in fact given. Decker's charges were not timely given to the court pursuant to Uniform Superior Court Rule 10.3, and the requested charge, while appropriate in the civil action in which it was given, was not adjusted to the facts of this criminal case, as the trial court held. *Walker v. State*, 213 Ga. App. 407, 413 (444 SE2d 824) (1994).

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Andrews, Johnson, Smith and Ruffin, JJ., concur. McMurray, P. J., dissents.*

McMurray, Presiding Judge, dissenting.

I respectfully dissent as it is my view that the evidence is insufficient to authorize a finding, beyond a reasonable doubt, that the train was "plainly visible" to defendant before he entered the railroad crossing. Specifically, the State's case is based entirely on circumstantial proof which I do not believe excludes the reasonable hypothesis of defendant's sole defense, i.e., the train was not "plainly visible" to defendant until he was already on the tracks. In fact, the State's only eyewitness (the locomotive engineer who admittedly accelerated his train moments before ramming defendant's tractor-trailer) affirmed on cross-examination "that [the] train . . . was not clearly visible from where [defendant] was . . ." until the locomotive was "right near the edge of the crossing."

At about 10:00 in the evening on January 31, 1994, defendant, while operating a "Freightliner [tractor with] a fifty-three foot trailer," encountered a railroad crossing on a long bend of track near a business district in the City of Waycross, Georgia. Defendant slowed his rig, but did not observe any mechanical or electrical railroad warning signals. Instead, he observed a "green" traffic light on the other side of the tracks, causing him to proceed through the railroad crossing and over an intersecting road which closely (within a few yards) paralleled the opposite side of the railway. Without stopping, defendant proceeded onto the tracks and immediately encountered a train which was rounding the bend. Despite defendant's attempts to avoid an encounter, the train struck the rear of the "fifty-three foot trailer." The locomotive engineer did not see the truck until moments before the collision. In fact, he accelerated the locomotive just "three to four hundred feet . . ." before the collision.

OCGA § 40-6-140 (a) (3) requires the driver of a vehicle to stop

within 50 but not less than 15 feet from the nearest rail of a railroad when a train is "plainly visible" and within hazardous proximity to the crossing. See *Atlanta &c. R. Co. v. Armstrong*, 138 Ga. App. 577 (1), 578 (227 SE2d 71). Of course, the State has the burden of proving, beyond a reasonable doubt, that an approaching train was "plainly visible" from the accused's perspective (so as to reveal its "hazardous proximity" to the railroad crossing) at the time of the alleged violation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). In the case sub judice, there was no direct proof that the advancing train was "plainly visible" from defendant's perspective just before defendant entered the railroad crossing. Instead, the State presented proof that visibility from the railroad crossing and in the direction of the approaching train (at times other than the time of the collision) was at least 600 and maybe 700 feet and that the area near the railroad crossing was illuminated (on the night of the collision) via indirect lighting from surrounding street lamps and buildings. Under circumstances " 'involving [such] wholly circumstantial evidence, the law demands that "the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." (Cit.)' *Howard v. State*, 148 Ga. App. 598, 600 (5) (251 SE2d 829) (1979)." *Reid v. State*, 212 Ga. App. 787, 789 (442 SE2d 852).

In the case sub judice, defendant testified that the only thing he saw (in the direction of the advancing train) before he drove onto the railway were "lights" from nearby buildings and that he did not hear or see the oncoming train until the "cab" of his truck was on the railroad tracks. Further, the engineer of the locomotive that struck defendant's "tractor-trailer" testified that the train was not equipped with modern lighting; that the only lighting on the train was a fixed headlamp at the front of the locomotive and that the beam of this headlamp was not directed at the point of collision (until the train entered the railroad crossing) due to the bend in the railway. The engineer also affirmed on cross-examination "that [his] train . . . was not clearly visible from where [defendant] was . . ." until the locomotive was "right near the edge of the crossing." This evidence, unrefuted testimony that there was no direct lighting along the approaches of the railroad crossing and the engineer's testimony that he began increasing the train's speed immediately before the collision (300 to 400 feet before reaching the railroad crossing), casts serious doubt upon the State's circumstantial proof that the train was "plainly visible" from defendant's perspective at the time he encountered the railroad crossing on the night of the collision. Under these circumstances, I cannot go along with the majority in saying that the evidence is sufficient to authorize defendant's conviction for violating OCGA § 40-6-140 (a) (3). See *McKinney v. State*, 204 Ga. App. 323,

324 (1), 325 (419 SE2d 339).

DECIDED JULY 12, 1995 — ■■■■■■■■■

*E. Kontz Bennett, Jr.*, for appellant.
*Douglas Gibson, Solicitor, Andrew C. Spivey, Assistant Solicitor*, for appellee.