A04A2083. WALTON v. THE STATE.

(605 SE2d 622)

ELDRIDGE, Judge.

A Wilkes County jury found Deiante Walton guilty of possession of a weapon by a prison inmate and criminal use of a gun with an altered identification. He appeals, challenging the sufficiency of the evidence supporting his conviction and the timeliness of the State's notice of its intent to introduce prior convictions in aggravation of sentence. Finding no basis for reversal in the enumerated errors, we affirm.

1. Walton first challenges the sufficiency of the evidence. Viewed to support the jury's verdict, the evidence showed that, while an inmate at the Wilkes County jail, Walton was in possession of a small pearl-handled revolver with its serial numbers removed; he shot himself with such revolver in an attempt to engender a lawsuit against Wilkes County in order to achieve a money judgment, as well as the dismissal of charges against him in exchange for settlement of the legal action. Walton argues that no one actually saw him shoot himself and that the revolver was not found on his person, thus rendering the evidence insufficient. However, the evidence at trial established that Walton disclosed his plan to a fellow prison inmate who testified about such plan at trial; Walton showed the pearl-handled revolver to that inmate and asked him how he could self-inflict a gunshot wound with the weapon; in the early morning hours of the incident date, another inmate saw the flash from a gun's muzzle coming from the direction of Walton's bunk; shell casings were recovered next to Walton's bunk; Walton was then heard making his way to the bathroom where he was found by law enforcement; a bullet fell out of Walton's pants after his transport to the local hospital and was recovered by a nurse; a pearl-handled revolver was recovered on the floor near Walton's bunk; forensic testing showed that the bullet recovered from Walton's pants was fired from the recovered pearl-handled revolver; forensics further showed that the revolver had been fired through Walton's pillow which was recovered from his bunk; and, subsequently, Walton filed a lawsuit against Wilkes County. We find this evidence sufficient for a rational trier of fact to find Walton guilty beyond a reasonable doubt of the charged offenses.[1] Likewise, there was sufficient evidence to support the trial court's denial of Walton's motion for a directed verdict.[2] Walton's additional contention regarding the believability of the State's evidence goes to the weight to be given such evidence, which is solely within the province of the jury and thus does not provide a basis for appellate review.

2. Walton waived his claim that the State failed to provide sufficient notice of its intent to introduce prior convictions in aggravation of sentence. While an initial objection was registered when Walton's attorney was served with the notice, the record shows that this objection was abandoned and no ruling was obtained. "A ruling must be obtained for this court to review an alleged error."[3] Further,

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] Id.; *Decker v. State*, 217 Ga. App. 803 (1) (459 SE2d 586) (1995).

[3] (Punctuation and footnote omitted.) *Mason v. State*, 262 Ga. App. 383, 384 (2) (585 SE2d 673) (2003).

Walton was not sentenced as a recidivist pursuant to the initial objection to the use of the aggravation evidence; accordingly, the instant claim is without merit.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 30, 2004.

*Harold W. Wallace III*, for appellant.

*Dennis C. Sanders, District Attorney, William P. Doupé, Sarah M. Peacock, Assistant District Attorneys*, for appellee.