## BELK *v.* COLLEAS *et al.*

No. 17228. October 11, 1950.

330

*Rache Bell*, for plaintiff.

*Douglas, Evans & Cole*, and *George Carroll*, for defendants.

HEAD, Justice. The only inquiry for this court to make is whether there was sufficient evidence to sustain the verdict that was rendered, and not whether there was evidence which would have supported a different finding. *Thompson* v. *Mitchell*, 192 *Ga.* 750, 753 (16 S. E. 2d, 540) ; *Manley* v. *Combs*, 197 *Ga.* 768, 776 (30 S. E. 2d, 485). The propounder insists that none of the evidence of the caveators showed that the deceased did not have testamentary capacity *at the time the will was executed*, and that the evidence of incapacity of the deceased before and after the will was executed would not overcome the proof of capacity at the time of its execution. Numerous cases are cited in support of this contention.

In the present case, there were introduced in evidence properly certified copies of the proceedings in a lunacy inquisition, wherein the deceased was adjudicated to be a person of unsound mind. The deceased was on furlough from the State Hospital for the insane at Milledgeville at the time he executed the will sought to be probated, and there is no evidence that he ever obtained an order adjudging that he had been restored to sanity, under the provisions of the act approved March 27, 1947 (Ga. L. 1947, p. 1174; Code, Ann. Supp., § 49-610.1—49-610.7).

"When insanity is once found, upon an inquisition of lunacy, it is presumed to continue; and the onus is cast upon those offering a will, to show that the disqualification has been removed." *Terry* v. *Buffington*, 11 *Ga.* 338 (5) (56 Am. D. 423). "Such judgment substitutes for the general presumption of sanity a rebuttable presumption of insanity." *Akin* v. *Akin*, 163 *Ga.* 18 (135 S. E. 402); *Field* v. *Lucas*, 21 *Ga.* 447 (68 Am. D. 465); *Lucas* v. *Parsons*, 23 *Ga.* 267, 278. "Incapacity at the time of the execution of an instrument may be shown under the presumption arising from proof that on a previous lunacy inquisition a decedent was adjudged insane, . . " *Martin* v. *Martin*, 185 *Ga.* 349, 352 (195 S. E. 159).

The adjudication of insanity of the deceased at a time prior to the execution of the will sought to be probated raised a presumption of incapacity at the time of its execution. While this was a rebuttable presumption, it was a question of fact for the jury, under the conflicting evidence, whether or not the incapacity existed at the time of the execution of the will. It can not be held, as a matter of law, that there was no evidence to support the finding of the jury.

*Judgment affirmed. All the Justices concur.*