24306, 24308. TROUTMAN v. TROUTMAN et al. (two cases).

ARGUED SEPTEMBER 13, 1967—DECIDED OCTOBER 6, 1967—
REHEARING DENIED OCTOBER 20, 1967.

*Frank F. Faulk, Jr.,* for appellant.

*R. B. Williamson,* for appellees.

NICHOLS, Justice. ■ The petition filed in the superior court seeking to have the adjudication finding James Floyd Troutman to be insane set aside is based upon the fact that ten days notice was not given to him and that the application failed to have attached to it an affidavit verified by a physician that he was violently insane and likely to do himself violence.

The Act of 1950 (Ga. L. 1950, p. 14) removed the requirement from *Code Ann.* § 49-604 that such an affidavit of verification be attached to the application for the appointment of a lunacy commission in order to waive the ten days notice to the subject of such investigation. Accordingly, the judgment of the trial court dismissing such petition shows no error.

■ The trial court hearing the issue made in the divorce case, that the service upon the defendant was void since he had been adjudicated insane, held without the intervention of a jury that in view of the adjudication of insanity and no evidence of the defendant having been restored, the defendant is legally insane and the service upon him personally was void. Such holding, based upon the legal adjudication of insanity and no further legal adjudication of the defendant having his sanity legally restored was error.

In a case where insanity has been declared in a lunacy proceeding it is presumed to continue but this presumption is a rebuttable one and not conclusive. See *Belk v. Colleas,* 207 Ga. 328 (61 SE2d 464); *English v. Shivers,* 219 Ga. 515, 517 (133

SE2d 867), and citations. The burden in such a case is upon the party contending sanity. The evidence disclosed that after the defendant was adjudged insane and committed to the Milledgeville State Hospital he was released with his mental condition recorded as "improved," that thereafter, while under the treatment of a physician and as a patient in the psychiatric ward of the hospital in Albany from time to time, he had worked on a civil service job in the intervening years since such release, was "all right" unless crossed, and that there had been no substantial change in his mental condition since his release. Under such evidence a finding that the defendant was legally insane as a result of the prior lunacy proceeding was not demanded as a matter of law as held by the trial court.

*Judgment reversed in case No. 24306 and affirmed in case No. 24308. All the Justices concur.*