27824. GUEST v. THE STATE.

ARGUED APRIL 9, 1973 — DECIDED MAY 10, 1973.

*George L. Hoyt,* for appellant.

*Dewey Hayes, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Thomas W. Greene, Assistant Attorneys General, Harold N. Hill, Jr., Deputy Assistant Attorney General,* for appellee.

GRICE, Presiding Justice. This appeal is by Jack Guest from his conviction for murder and sentence of life imprisonment, and the overruling of his motion for new trial. He was indicted by the grand jury of Bacon County charging him with the slaying of Ira Lynch.

The appellant filed a special plea of insanity. Upon conclusion of the evidence he moved for a directed verdict but this was denied and the issue was submitted to a jury. It returned a verdict finding him competent to stand trial.

The appellant also filed a motion to suppress certain

evidence. This was also denied.

Thereafter the case came on for trial and the jury returned a verdict of guilty of murder and fixed punishment at life imprisonment, which was imposed.

He filed a motion for new trial on the general grounds and later amended it. This motion was also denied.

Enumerated as error upon the appeal are essentially the following: (1) denial of the motion to suppress evidence; (2) denial of the motion for directed verdict of insanity on the special plea; (3) denial of the motion for new trial because the evidence on the special plea demanded a verdict of insanity.

■ We first deal with the motion to suppress evidence.

The motion alleged in essential part as follows: that the appellant was illegally arrested at his home by the sheriff, a GBI agent and the chief of police, without a warrant; that prior to the arrest on the same day these officers went to the house occupied by him to investigate the murder; that the sheriff knocked and when no one answered he kicked the door, forcing the latch to give way and the door to open; that they entered the house, searched it and removed numerous articles, including blood samples, a jacket with blood on it, broken glass, hair, a blanket, a butcher knife, shoes, overalls, a bottle containing alcoholic beverage and a pocket knife; that by the display of power and the door being knocked open, he did not waive his constitutional rights; that he was uneducated, of low intelligence, had previously been committed to Central State Hospital, was not restored to sanity but left without being discharged; that for these reasons he was incapable of waiving his constitutional rights; and that no inventory of the articles seized has been furnished.

The motion prayed that the articles be returned; that all of them be suppressed and excluded from evidence in any trial of him; and for general relief.

Upon the hearing on this motion considerable evidence

was introduced.

The officers testified in detail as to the events referred to in the motion as well as others. This included viewing the dismembered body of the deceased near the appellant's house, finding blood on the porch, efforts to get an answer from the appellant, entry into the house, the condition of the interior of the house, placing the appellant under arrest and subsequent events.

From our appraisal of the evidence we find no error in the overruling of this motion to suppress.

(a) What we regard to be of decisive significance here is that there was evidence authorizing the trial judge, as trior of the facts, to find that the appellant freely and voluntarily consented to the search of his home, which validated the search and seizure. See in this connection *Ferguson v. State,* 218 Ga. 173 (8) (126 SE2d 798); *Tolbert v. State,* 224 Ga. 291, 294 (161 SE2d 279); *Young v. State,* 113 Ga. App. 497, 498 (148 SE2d 461); *Harris v. State,* 120 Ga. App. 359 (1) (170 SE2d 43). This alone authorized the overruling of the motion.

In this regard the chief of police testified that the knocking and the kick were "just trying to get somebody to answer"; that he was not trying to get in; that he "went in by invitation." The sheriff swore, "I asked [the appellant] if we could look around and search the house for evidence and he said, 'come on in' or said 'yes you can.' To start with he invited us in after I kicked on the door. He came onto the door and I asked him why he didn't open it and he said he was busy." The sheriff also testified that anything he got was by invitation from the appellant, "by his permission."

Furthermore, there was evidence that the appellant was capable of waiving his constitutional rights and consenting to the search and seizure. The sheriff testified that on this occasion the appellant was able to talk with him "all right"; that he gave normal answers and responses and that he acted normal in every way.

That the appellant had not been restored to sanity from his prior commitment did not prevent a waiver. The presumption of continuing insanity is a rebuttable one, not conclusive. *Troutman v. Troutman,* 223 Ga. 700, 701 (157 SE2d 437). The evidence here was sufficient to show sanity on the occasion in question.

(b) In view of the evidence of a valid consent for the search and seizure it is immaterial that a warrant for appellant's arrest had not been obtained. *Touchstone v. State,* 121 Ga. App. 602 (1) (174 SE2d 450).

(c) Also, the search and seizure here was not invalidated because of failure to advise the appellant of his constitutional rights not to have his home searched in addition to the Miranda warnings. There is no such requirement. See Lundergan v. McMann, 417 F2d 519, 522 (2d Cir.); Combs v. La Vallee, 417 F2d 523, 525 (2d Cir.); United States v. Canseco, 465 F2d 383, 385 (5th Cir.).

(d) Nor did the failure to give the appellant an inventory of the articles obtained by the search and seizure void it. This is a ministerial act, not affecting the validity of the search. *Williams v. State,* 125 Ga. App. 170 (1) (186 SE2d 756).

■ We now turn to the second and third enumerations which complain of the denial of appellant's motion for directed verdict of insanity on his special plea; and also the denial of his motion for new trial because the evidence on his special plea demanded a verdict of insanity. These two will be treated together.

In the plea, filed before arraignment and before pleading to the merits, the appellant's attorney alleged that he "is now insane and request that this plea of insanity be tried by a special jury, pursuant to law."

It is contended that since he had been adjudicated insane in the court of ordinary and committed to Central State Hospital, he is presumed to be still insane; and that he did not understand the charge against him and could not cooperate with his attorneys in his defense.

For support of the plea appellant introduced evidence of the lunacy proceedings in the court of ordinary, his hospitalization, his unauthorized leaving, and no restoration of sanity in that court. He also presented testimony concerning obtaining food for large rats which he allowed to run about his house prior to his hospitalization, and testimony as to other conduct both prior and subsequent to his hospitalization which was regarded as abnormal by several witnesses. One of his trial attorneys testified that the appellant had not been able to carry on an intelligent conversation, that he had not understood the charge against him and the consequences.

However, there was testimony to the contrary. The sheriff testified that on the night when the appellant was arrested he acted in an ordinary and sane manner. He swore that in the several months' confinement prior to the trial he saw the appellant each day, observed him and talked with him and that he looked normal. He also said that upon the hearing of the special plea of insanity he appeared normal.

Since the evidence was in conflict on this issue, it cannot be said to have demanded a verdict of insanity. Therefore the trial judge properly submitted the issue to the jury. See *Ross v. State,* 217 Ga. 569, 577 (124 SE2d 280); *Troutman v. Troutman,* 223 Ga. 700, 701 (157 SE2d 437).

We find no error in the proceedings.

*Judgment affirmed. All the Justices concur. Gunter, J., concurs in the judgment but not in all that is stated in the opinion.*