## 54266. SHEETS v. THE STATE.

McMURRAY, Judge.

Defendant was convicted of the offense of violating the Georgia Controlled Substances Act in that "he. did possess, have under his control and sell Heroin." He was sentenced to serve a term of 20 years. Defendant appeals. *Held:*

1. During the trial a Georgia Bureau of Investigation special agent testified that he had a conversation with defendant about some scars on his chest and stomach. Whereupon the assistant district attorney addressed counsel for defendant, "Mr. Silver, I'll ask the defendant to raise his shirt, please, stand up and raise his shirt." At which Mr. Silver replied, "No, sir, the defendant will not stand up and raise his shirt." Whereupon the court instructed counsel, "Proceed on to another matter." After this witness had identified the defendant as the man he purchased the drugs from counsel for defendant asked that the jury be retired, and the defendant moved for mistrial, because the assistant district attorney "in a completely unprecedented manner and without any legal justification or basis therefor addressed himself to the defendant and asked him to stand up and show" his body. Whereupon the court in response to the motion stated that the court had not required the defendant to do anything but "if it please counsel, I'll instruct the jury to disregard any request" and proceeded to overrule the objection. Immediately upon overruling this objection the trial court asked counsel for the defendant, "would you like me to instruct them [jurors]?" Counsel for the defendant then replied to the court's inquiry, "No, sir, that's all right." Thus, defense counsel waived any instructions to the jury in regard to the matter. While the colloquy by and

between counsel with reference to having the defendant stand up and show his body was highly irregular and perhaps reprehensible on the part of the assistant district attorney, we find no error in the handling of the matter by the court. When counsel for defendant declined to accept the court's offer to instruct the jury in regard thereto he waived any rights under his motion for mistrial since under Code § 81-1009 we do not know what the instructions would have been to the jury in regards to rebuke of counsel and to remove any improper impression from the jurors' minds. We find no abuse of discretion here. See *Ga. Power Co. v. Puckett,* 181 Ga. 386 (182 SE 384); *Smith v. State,* 204 Ga. 184, 188 (48 SE2d 860); *Black & White Cab Co. v. Clark,* 67 Ga. App. 170 (12), 175 (19 SE2d 570); *United Motor Freight Terminal Co. v. Hixon,* 78 Ga. App. 638 (2) (51 SE2d 679); *Domingo v. State,* 213 Ga. 24, 27 (96 SE2d 896); *James v. State,* 215 Ga. 213, 215 (4) (109 SE2d 735).

2. The remaining enumeration of error deals with the chain of custody surrounding the contraband heroin. By virtue of the Georgia Bureau of Investigation case number the contraband heroin was properly identified and linked with the defendant by the witness Adams, and the witness analyst thereafter testified that he had received the packet which he had identified containing a "green card" reflecting the Georgia Bureau of Investigation number which matched his (analyst's) case number. Consequently, even though the physical evidence did not initially have the defendant's name on the file and the evidence, the heroin was properly linked to the defendant, and a case was made in regards to the sale thereof. There is no merit in this complaint. *Terry v. State,* 130 Ga. App. 655, 656 (204 SE2d 372); *Campbell v. State,* 136 Ga. App. 338, 340 (221 SE2d 212).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 19, 1977 — DECIDED OCTOBER 13, 1977.

*Murray M. Silver,* for appellant.
M. Randall Peek, District Attorney, Jonathan C.

*Peters, Assistant District Attorney,* for appellee.