57899. HOWARD et al. v. THE STATE.

McMurray, Presiding Judge.

Defendants Michael Anthony Howard and Anthony Bernard Howard were indicted on three counts of entering an automobile with the intent to commit a theft. Two additional counts charged defendant Michael Anthony Howard with recidivism. Trial by jury was waived, and the defendants were found by the trial court to be guilty of one count of entering an automobile to commit a theft. Defendant Michael Anthony Howard only was found guilty on the two recidivist counts. The defendants appeal enumerating as error the overruling of their motion to suppress. *Held:*

On June 14, 1978, Officer Johnson of the Athens Police Department was patrolling on Martin Circle, an infrequently traveled street which is often used as a dumping ground for trash and garbage. At 6:50 a.m. Officer Johnson discovered an automobile parked off of this street which had not been there when he had passed at 1:30 a.m. Dew or fog on the windshield indicated it had been there for some time, and Officer Johnson knew from his two years of experience in patrolling this street that it was not a normal occurrence to see a car parked in that area. Upon investigating Officer Johnson found two blacks males asleep in the car. Lying on the ground near the car were a pair of pants, a shirt, a light brown plastic type clothes hanger, a number of eight track tapes and containers, disco lights and stereo type equipment. Officer Johnson testified that the items on the ground did not appear to be goods of the type or condition commonly dumped in this area, and that he suspected they were stolen. When Officer Johnson keyed the microphone on his radio to call in a license check on the automobile the noise woke up the defendants sleeping in the car. Officer Johnson then ordered the defendants from the car and to the rear of the car where he read them the Miranda warnings. Officer Johnson then asked them if he could look into the trunk. Receiving an affirmative answer, he

proceeded to search the trunk where he found clothing, stereo equipment, an AM converter, a large speaker, a buck knife, a radio, cassette tapes and a clock. In the truck was a light brown plastic hanger of the same design as the hanger on the ground and pants of the same size as those on the ground. Officer Johnson testified that at this time he placed the defendants under arrest because he suspected some of the items on the ground and in the trunk of the car had been stolen.

Defendants contend that Officer Johnson lacked any articulable suspicion which authorized the intrusion on defendants' privacy so that from the outset defendants were placed under arrest rather than being merely "seized" within the meaning of Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) and Sibron v. New York, 392 U. S. 40 (88 SC 1889, 20 LE2d 917). Based on the premise that the defendants had been illegally arrested without probable cause they contend that there could have been no voluntary consent to the search of the trunk of the car while in such custody. See in this regard *Holtzendorf v. State,* 125 Ga. App. 747, 751 (188 SE2d 879); *Hill v. State,* 140 Ga. App. 121, 124 (2) (230 SE2d 336).

The mere fact that an officer feels it is unlikely that an individual has regular business where he is found is not sufficient alone to authorize an intrusion to an individual's right of privacy. The state must be able to point to specific and articulable facts which, together with rational inferences drawn therefrom, reasonably warrant an intrusion. *Brisbane v. State,* 233 Ga. 339, 341 (211 SE2d 294). Defendants argue that Officer Johnson was merely suspicious and lacked that slight degree of articulable suspicion necessary to authorize an intrusion. Defendants point out that they were parked off the road presumably on private property, were breaking no law and that Officer Johnson admittedly initiated his investigation due to the rarity of finding a vehicle parked in that location.

Although Officer Johnson initiated his investigation of defendants' automobile due to suspicions aroused because of its location, the fact that it had been parked for some length of time, and had been parked there at a late hour, there was no invasion of defendant's privacy prior to

Officer Johnson's discovery of the various goods located on the ground within one foot of defendants' automobile. Discovery of these goods of a nature which Officer Johnson recognized as items unlikely to be discarded and abandoned, combined with the time and place, created the articulable suspicion which authorized a Terry v. Ohio (392 U. S. 1, supra) type seizure of defendants. During this seizure the defendants' consent to search the trunk was obtained.

The state's evidence is that Officer Johnson's request for consent to open the trunk was made without any subtle application of coercion or phraseology intended to adversely impact on defendants' free will. The issue of the voluntariness of the consent to search is an issue of fact for the trial court. The evidence here, although conflicting, authorized the trial judge to find that the defendants freely and voluntarily consented to the search of the automobile. The trial court did not err in overruling the motion to suppress. See *Guest v. State,* 230 Ga. 569 (1), 571-572 (198 SE2d 158).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED MAY 3, 1979 — DECIDED JULY 6, 1979 — REHEARING DENIED JULY 20, 1979 —

*J. H. Affleck, Jr.,* for appellants.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.