## 62602. SMITH v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was charged by a two-count indictment with violations of the Georgia Controlled Substances Act. Defendant waived his right to a jury trial and was tried before the court without a jury. The trial court found the defendant guilty of the offense of possession of more than one ounce of marijuana and not guilty of the offense of possession of cocaine. Defendant appeals raising as his sole enumeration of error the overruling of his motion to suppress evidence, contending that the marijuana which was found in the automobile he was driving and introduced into evidence against him at trial had been obtained through an unlawful search and seizure. *Held:*

The evidence shows that law enforcement officials after receiving information from a confidential informant were attempting to execute a drug buy through an undercover officer. The principals in the transaction (buyer and a go-between seller) were present at a gas station where the transaction was to take place awaiting delivery of a quantity of marijuana by another person (the seller) when difficulties arose with a "body bug," a radio transmitter, concealed on the undercover officer. Law enforcement officers in position near the gas station were unable to receive transmissions from the undercover officer. An officer was sent to the gas station to inform the undercover officer of this problem and to instruct him to leave the gas station. While this was occurring the defendant drove up on the opposite side

of the gas station and after a brief conversation with the gas station attendant defendant drove away to a fast food restaurant near the gas station. Defendant was seen to nervously look out the window of the restaurant in the direction of the gas station.

Suspecting that the defendant may have been the drug courier uniformed officers were instructed to stop the defendant and investigate. A limited stop where there is an articulable suspicion even though no probable cause is clearly within the purview of Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889).

Upon stopping the defendant the uniformed officers used the subterfuge that they were investigating burglaries that had been occurring in the vicinity and requested the defendant's consent to search the trunk of his vehicle. The testimony of the law enforcement officers was that the defendant freely and voluntarily consented to this search. The defendant testified on motion to suppress hearing that he himself had opened the trunk of the car and permitted the officers to look into the trunk but did not consent to their looking into the suitcase where the marijuana was found. One of the officers testified that when they asked the defendant what was in the suitcase he told them "marijuana" and "[h]e tried to leave . . . [w]e grabbed him and placed him under arrest." Resolution of any conflict in the evidence upon a motion to suppress hearing rests with the trial court. *Howard v. State,* 150 Ga. App. 847, 849 (258 SE2d 652); *Woodruff v. State,* 233 Ga. 840, 844 (213 SE2d 689).

Defendant contends that the state has failed to carry its burden of showing that the consent for the search was freely and voluntarily given. Additionally, the defendant argues that even if he did freely and voluntarily consent to the opening of the trunk he did not consent to the opening of the suitcase which contained the marijuana.

The evidence presented on the motion to suppress hearing would authorize a conclusion in favor of the state on either of two theories. First, the officers had presented evidence of the defendant's consent to search the trunk of the vehicle which might be viewed as authorizing an opening of any containers within the trunk as well. However, this need not be decided due to the evidence that the defendant by his own admission against interest prior to the opening of the suitcase informed the officers that the suitcase contained marijuana and provided probable cause for the opening of the suitcase by the officers. There is clearly sufficient evidence by which the trial court can determine that under the totality of the circumstances the state has carried the burden of proof as to the consent to search. See *Mooney v. State,* 243 Ga. 373, 377 (254 SE2d 337).

As has been previously noted herein, upon opening the trunk the

defendant was asked what was in the suitcase and responded "marijuana." At that time a Terry v. Ohio stop was in progress, but such a stop does not constitute an arrest so that Miranda warnings are required prior to the law enforcement officer's inquiries. Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) is applicable only to custodial interrogations which the officers' inquiry was not. Therefore, under this view of the facts, even if the trial court accepted the defendant's testimony that he did not consent to the search of the suitcase the defendant's own admission in response to law enforcement officers' inquiry provided probable cause authorizing that search.

There is no requirement that defendant be specifically notified of his right to withhold consent for a search of his vehicle. *Woodruff v. State,* 233 Ga. 840, 843, supra. In the case sub judice there is no evidence of such police pressure as to overwhelm the defendant's will. The subterfuge in regard to the silverware burglary used by police officers to explain their interest in defendant was not coercion or deceit of the type condemned in *Welch v. State,* 237 Ga. 665, 673 (9) (229 SE2d 390). Nor was there a claim of lawful authority to search as in *Radowick v. State,* 145 Ga. App. 231 (244 SE2d 346).

The state having presented evidence of a free and voluntary consent to search the trunk of the vehicle and of the subsequent creation of probable cause as to the suitcase by defendant's statement to the officers that it contained marijuana, along with the exigent circumstances arising from the mobility of the automobile, these circumstances authorized the warrantless search of the vehicle in the case sub judice. The trial court did not err in denying defendant's motion to suppress.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED OCTOBER 8, 1981 —
REHEARING DENIED DECEMBER 9, 1981.

*John W. Stokes, Jr.,* for appellant.
*Robert Wilson, District Attorney, Margaret Thompson, Assistant District Attorney,* for appellee.