## 65362. CHITWOOD v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of violation of the Georgia Controlled Substances Act in two counts, that is, in having possession of less than one ounce of marijuana and possession of phenobarbital. His motion for new trial as amended was filed, heard and denied. Defendant appeals. *Held:*

1. The substance of the state's evidence against this defendant is that upon a search of his automobile being driven by his wife in which he was seated on the passenger side of the automobile, the marijuana was found on the floor in the middle of the floorboard on the driver's side. The phenobarbital was found in the pocket of a jacket which he was wearing. In defendant's first enumeration of error (containing two sub-paragraphs) he contends the evidence was insufficient to show he had actual or constructive possession of the marijuana or the phenobarbital, the wife having testified that the drugs belonged to her and she had been given the phenobarbital by a friend and had put these pills in the jacket pocket without the defendant being aware of the pills in his pocket. Defendant contends that his evidence of lack of intent to possess is sufficient to overcome the presumption of ownership so that his conviction is not warranted. Nevertheless, intent can be inferred from the circumstances and if the phenobarbital was found in his jacket, on his person, the jury was authorized to infer that the phenobarbital belonged to him. Likewise the finding of the marijuana on the floor of the automobile (even though closer to the driver than to the passenger) the question of intent became a question for the jury. See *Harris v. State,* 236 Ga. 242, 244-245 (1) (223 SE2d 643). The evidence was sufficient to support the verdict against the defendant as to both counts. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1). After review by this court of the trial transcript and record we are convinced and so hold that a rational trier of fact (the jury in this case) could reasonably have found the defendant guilty beyond a reasonable doubt as to possession of the controlled substances with reference to both counts. See *Whatley v. State,* 151 Ga. App. 174, 175 (259 SE2d 175). It is obvious the jury rejected the claim by defendant's wife that she had exclusive possession of the contraband. This enumeration of error is not meritorious.

2. Defendant's alleged error in the admission into evidence of a sawed-off shotgun and other items found in the motor vehicle owned and operated by him (although driven by his wife) at the time of his arrest is not well taken. While this court has previously held in a

number of cases that such items in no way reflects upon the guilt or innocence of the defendant charged with the possession of controlled substances, nevertheless, the Supreme Court of Georgia has held that items found in the control of the defendant at the time or near the time of the arrest, including firearms, are admissible as circumstances connected with the arrest of the defendant. This issue was discussed at some length in *Hale v. State,* 159 Ga. App. 563 (1) (284 SE2d 68), with the various decisions of this court and those of the Supreme Court fully discussed. *Hale v. State,* 159 Ga. App. 563, supra, is controlling here, and we find no merit in the enumerations of error complaining of the allowance of these items into evidence.

3. In the final enumeration of error defendant complains of the trial court giving an instruction relevant to the presumption of the ownership of a motor vehicle. The court fully charged on actual and constructive possession, as well as sole and joint possession and that intent is an essential element of the offenses charged in the indictment. Further, the trial court's charge fully instructed the jury that the state must prove beyond a reasonable doubt not only that the defendant possessed the substances alleged but that defendant knowingly and intentionally possessed these substances. The jury in no way could have presumed from this charge that mere ownership or possession of the vehicle by the defendant would warrant a conviction. This enumeration is not meritorious.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MARCH 16, 1983 —
REHEARING DENIED MARCH 29, 1983 —

*Kenneth R. Waldrep,* for appellant.
*E. Byron Smith, District Attorney, Donald J. Coffey, Assistant District Attorney,* for appellee.