65452. SHIRLEY v. THE STATE.
65453. THARPE v. THE STATE.

SOGNIER, Judge.

Shirley and Tharpe were convicted of violation of the Georgia Controlled Substances Act by possessing methamphetamine, methaqualone and marijuana. Both appellants contend they were denied effective assistance of counsel, and Tharpe also appeals on the general grounds. Additionally, Shirely contends the trial court erred by allowing his counsel to represent three of the four defendants in a joint trial, and by failing to make findings of fact in denying Shirley's motion to suppress evidence.

Based on evidence received from another police agency two Carroll County deputy sheriffs, Johnson and Crawford, located a car and the four defendants at a lake in Carroll County. The deputies had been advised that amphetamines were in the car. The four defendants had ridden to the lake together in Shirley's car and were fishing. After advising Shirley of the report Johnson and Crawford had received about amphetamines, they obtained Shirley's consent to search the car. Johnson found a small gym bag on the floor of the rear passenger compartment; the bag contained methamphetamine, methaqualone and marijuana. All four defendants denied any knowledge of the gym bag or its contents. After a joint trial, Rowell and Huckeba, two of the four defendants, were found not guilty; Tharpe and Shirley were found guilty of possession of the contraband in the gym bag.

1. Tharpe contends that the evidence is not sufficient to support the verdict because the state failed to prove that he had knowledge or possession of the contraband, and because the equal access rule is applicable in this case. We agree.

The only evidence relating to Tharpe is that he, Rowell, Huckeba and Shirley left Shirley's apartment together and drove in Shirley's car to the lake where they were found fishing. Shirley was carrying the gym bag containing drugs when he left his apartment. The bag was found on the floor in front of the seat where Rowell was riding, and there is no evidence that Tharpe even knew the bag was in the car.

The evidence does not show actual possession by Tharpe, and to support a finding that he was in constructive possession of the contraband the circumstantial evidence must be both consistent with

the hypothesis of guilt and must exclude every other reasonable hypothesis. *Mitchell v. State,* 150 Ga. App. 44, 46 (2) (256 SE2d 652) (1979). "A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity." Id. No such connection was shown in this case. At most, the state's evidence showed that Tharpe rode in an automobile with three other persons, all of whom had equal opportunity to commit the crime. In fact, the evidence showed actual possession by Shirley, not the other three defendants. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction. *Huncke v. State,* 137 Ga. App. 299, 300 (223 SE2d 492) (1976). Applying these principles to the facts of the instant case, the evidence is insufficient to support Tharpe's conviction of possession of the contraband.

2. Shirley contends it was error to allow the same counsel to represent Shirley, Rowell and Tharpe (Huckeba was represented by separate counsel), thereby denying him the effective assistance of counsel. He also contends he was denied effective assistance of counsel because his counsel did not investigate the case before trial. Because these two enumerations are inter-related, we will discuss them together.

a. Shirley's contention regarding multiple representation is not supported by the record. Immediately prior to the hearing on the motion to suppress the court noted that one attorney was representing Shirley, Rowell and Tharpe and asked their counsel if he had discussed with defendants, and determined, whether there were any conflicts of interest in representing three defendants. Counsel stated he had not discussed this possible conflict with his clients, but that he had discussed the case thoroughly with the defendants he was representing. Shirley, Rowell and Tharpe each confirmed, on the record, that they had discussed the case thoroughly with their counsel, and each stated that there were no conflicts of interest. Each defendant also stated that they were satisfied to proceed with one counsel representing all three of them. Based on this inquiry and the responses of Tharpe, Shirley and Rowell, the trial court allowed their counsel to proceed and to continue representing the three defendants concerned.

The trial court's decision to allow one counsel to represent Shirley, Rowell and Tharpe was based on their statements to the court. Thus, if any error occurred it was induced by these defendants' statements and induced error is impermissible. *Drake v. State,* 142 Ga. App. 14, 16 (234 SE2d 825) (1977). "One cannot complain of a . . . ruling that his own procedure or conduct aided in causing." *Rush v.*

*Southern Property Mgt.,* 121 Ga. App. 360, 361 (2 (a)) (173 SE2d 744) (1970). Accordingly, it was not error under the circumstances of this case to allow one attorney to represent three of the four defendants, and the multiple representation did not result in ineffective assistance of counsel.

b. Shirley also contends that he was denied effective assistance of counsel because counsel did not investigate the case prior to trial, and did not confer with Shirley about the case. Shirley relies on post-trial affidavits filed by himself and Rowell to the effect that their counsel did not discuss their case with them. Shirley also stated in his affidavit that he did not carry the gym bag to his car and had no knowledge of the drugs. Rowell stated in her affidavit that the drugs did not belong to Shirley but that she was keeping the drugs for a friend; further, that she related this information to their counsel, but he did not call her (Rowell) to testify. Shirley's reliance on these affidavits is misplaced. Not only are the affidavits contrary to the statements Rowell and Shirley made to the court, the affidavits are inadmissible as tending to impeach the verdict. *Flowers v. State,* 159 Ga. App. 516, 517 (284 SE2d 32) (1981).

In discussing the issue of ineffective assistance of counsel our Supreme Court has held: " 'We interpret counsel to mean not errorless counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance.' (Emphasis supplied.)" *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974). The transcript in the instant case discloses that counsel made a motion to suppress evidence, conducted thorough and extensive cross-examination of the state's witnesses and made a motion for a directed verdict of acquittal. Applying the standards set forth in *Pitts,* supra, to the facts of this case we find counsel's representation more than adequate. Accordingly, the enumeration is without merit.

3. Shirley contends that the trial court erred by failing to make findings of fact in support of its denial of his motion to suppress evidence. He argues that a failure to make findings of fact precludes effective review of the trial court's ruling. We do not agree.

We note initially that Shirley has referred us to no authority, and we are aware of none, which requires a trial judge to make findings of fact after a hearing on a motion to suppress. The hearing on the motion in this case, including arguments of counsel, was recorded and transcribed verbatim and is included in the record and transcript accompanying this appeal. Thus, we have before us on review all evidence and arguments on which the trial court based its ruling. "On motion to suppress evidence, the trial judge sits as the trior (sic) of the facts, hears the evidence, and his findings based upon

conflicting evidence ... should not be disturbed by a reviewing court if there is any evidence to support it (sic)." *State v. Swift,* 232 Ga. 535, 536 (1) (207 SE2d 459) (1974). In the instant case two police officers testified that Shirley consented to a search of the car he was driving; Shirley denied giving such consent. "The evidence here, although conflicting, authorized the trial judge to find that [Shirley] freely and voluntarily consented to the search of the automobile." *Howard v. State,* 150 Ga. App. 847, 849 (258 SE2d 652) (1979). Although Shirley does not contest the *ruling* of the trial court denying his motion to suppress, our review of that ruling discloses no error.

*Judgment affirmed in Case Number 65452. Judgment reversed in Case Number 65453. Quillian, P. J., and Pope, J., concur.*

DECIDED APRIL 18, 1983 —
REHEARING DENIED MAY 3, 1983 —

*John A. Nuckolls,* for appellant (case no. 65452).
*T. Christopher Pyles,* for appellant (case no. 65453).
*Arthur E. Mallory III, District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.