## A89A0432. ALLEN v. THE STATE.
### (382 SE2d 690)

POPE, Judge.

Defendant Paul Anthony Allen was convicted of the offenses of possession of marijuana with intent to distribute, possession of cocaine with intent to distribute and possession of a firearm during the commission of a felony. The evidence presented at the hearing on defendant's motion to suppress and at trial shows that defendant was a passenger in an automobile traveling north on Interstate 95 in Glynn County, Georgia. An officer of the Georgia State Patrol stopped the automobile for speeding. The trooper became suspicious when defendant and the driver gave different responses to inquiries concerning their destination and because, initially, neither occupant seemed to know who owned the automobile. However, the driver had already given the trooper automobile registration papers showing the car was registered to Kenneth Allen and Vivian Porter of Ft. Lauderdale, Florida. Ultimately, defendant told the arresting officer the automobile belonged to his brother. The driver, defendant's co-defendant, stated he was driving the automobile with the permission of the owners and signed a consent to search the vehicle. Defendant Allen gave verbal consent to search. The search revealed 9.2 grams of crack co-

caine and a small amount of marijuana in the ashtray, a .45 caliber semi-automatic pistol in the glove compartment and drug paraphernalia in a brown bag on the floor behind the passenger's seat. A trash bag containing just over four pounds of marijuana was found in the trunk of the car.

1. Defendant first argues the trial court erred in denying his motion to suppress the evidence found in the search of the vehicle. Contrary to defendant's argument, the trooper did not make a pretextual stop. The undisputed evidence shows the driver was violating the speed limit. "Having already effected a valid stop of the vehicle, the trooper certainly did not violate the [defendant's] Fourth Amendment rights merely by requesting . . . consent [to search the vehicle]. Accord *Schneckloth v. Bustamonte*, 412 U. S. 218 (93 SC 2041, 36 LE2d 854) (1972)." *Pupo v. State*, 187 Ga. App. 765, 766 (371 SE2d 219) (1988). "Probable cause and a warrant are not required for a search and seizure which is conducted pursuant to consent. A consent to search must be the product of an essentially free and unrestrained choice by its maker. There is no indication there were any coercive acts by the officer or involuntary acts by the defendant. The trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. The trial judge did not err in denying the motion to suppress." (Citations and punctuation omitted.) *Wilson v. State*, 179 Ga. App. 780, 781-782 (347 SE2d 709) (1986).

2. Defendant's remaining enumerations of error concern his argument that insufficient evidence was presented to convict him. It was not necessary, as defendant argues, for the State to show actual possession of the contraband because he was not charged with trafficking in cocaine. See OCGA § 16-13-31 (a) (prior to March 28, 1988 amendment). Possession of contraband may be actual or constructive. *Hadden v. State*, 181 Ga. App. 628 (1) (353 SE2d 532) (1987). Moreover, joint constructive possession with another will sustain a conviction for possession of contraband. See *Anderson v. State*, 166 Ga. App. 459 (3) (304 SE2d 550) (1983). "A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons shared actual or constructive possession of a thing, possession is joint." (Citation and punctuation omitted.) Id. at 460.

Sufficient circumstantial evidence was presented at trial to establish defendant had at least constructive possession of the contraband in the vehicle. Neither defendant nor the driver of the car owned the

vehicle but they claimed it was borrowed from defendant's brother. Both defendant and the driver had access to the contraband and thus the power to exercise control over it. Defendant's intent to exercise control over the contraband can be inferred by the suspicious and inconsistent explanations defendant gave to the trooper before he conducted the search. "The quantity of the contraband found, as well as the presence of . . . drug paraphernalia, gave rise to a reasonable inference that [defendant] had the intent to distribute the marijuana and cocaine." (Citations and punctuation omitted.) *Holbrook v. State*, 177 Ga. App. 318, 321 (339 SE2d 346) (1985). Consequently, we find sufficient evidence was presented to convict defendant and the trial court did not err in denying both defendant's motion for directed verdict and defendant's motion for new trial.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MAY 22, 1989.

*John P. Rivers*, for appellant.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.