A90A0212. DAILY v. THE STATE.
(392 SE2d 554)

SOGNIER, Judge.

Wyman R. Daily was convicted on two counts of violating the Georgia Controlled Substances Act, and he appeals.

1. Appellant contends the evidence was insufficient to support his conviction for possession of cocaine with intent to distribute. At trial, Officer S. H. Ledford of the Gwinnett County Police Department testified that he went undercover with an informant who, together with a

juvenile, arranged for Ledford to purchase contraband at a prearranged location. Ledford observed a green Oldsmobile arrive at the scene and identified appellant as the person in the passenger seat of the vehicle. Ledford stated that at first the informant dealt with appellant because Ledford heard appellant state that "he [appellant] did not know me, that he would not sell the cocaine to me." Under Ledford's direction the informant began to bargain with appellant over the price, which eventually entailed involving Ledford in the conversation. Ledford stated after the negotiations concluded, he gave appellant certain funds and received in exchange a small pack of white powder, later identified as cocaine. Backup officers were then called in and appellant and the driver of the vehicle, his co-defendant Calvin Snow, were arrested. A plastic bag containing fourteen smaller bags of white powder (later identified as cocaine), similar to the one Ledford had purchased from appellant, was subsequently discovered under the driver's seat.

Appellant argues that the evidence adduced to support his conviction for possession of cocaine with intent to distribute merely placed him in the vicinity of the contraband (the fourteen bags of cocaine under the driver's seat) and thus was not sufficient to authorize his conviction on that charge, citing *Shirley v. State*, 166 Ga. App. 456 (304 SE2d 468) (1983). In *Shirley*, appellant Tharpe was a passenger in a car with three others who had ridden to a lake together to go fishing. The contraband was found in a gym bag belonging to one co-defendant located in front of a seat occupied by another co-defendant. We find *Shirley* distinguishable from the case sub judice in that here appellant was a passenger in a vehicle which was driven to a prearranged location for a rendezvous with a potential purchaser of contraband; the details of the sale were negotiated by appellant, who also received the payment and delivered the contraband to the undercover officer; and the sale involved a small plastic bag of cocaine similar to the other small plastic bags of cocaine found under the driver's seat. We find that the evidence adduced was sufficient for a rational trier of fact to have found beyond a reasonable doubt, under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), that appellant was in joint constructive possession of the fourteen bags of cocaine and possessed the contraband with the intent to distribute it.

2. Appellant contends the trial court erroneously denied his motion for a mistrial made after his character was improperly placed into evidence. The transcript reveals that counsel for appellant's co-defendant, on cross-examination of Officer Taylor inquired, "[t]his wasn't the first time that you had had an encounter with a sales transaction with [appellant] is it?" Appellant's counsel thereupon moved for a mistrial. Taylor did not respond to the question in the

presence of the jury, and appellant's counsel declined the trial court's offer to give curative instructions to the jury.

We need not here determine what effect, if any, the fact that the objectionable question was posed by co-defendant's counsel rather than by an attorney for the State has on appellant's motion, because "[w]hen counsel for [appellant] declined to accept the court's offer to instruct the jury in regard [to the disputed matter] he waived any rights under his motion for mistrial since under [OCGA § 17-8-75] we do not know what the instructions would have been to the jury in regards to rebuke of counsel and to remove any improper impression from the jurors' minds. We find no abuse of discretion here. [Cits.]" *Sheets v. State*, 143 Ga. App. 510, 511 (1) (239 SE2d 196) (1977).

3. Appellant contends the trial court erred by failing to charge the jury that the conviction of one defendant did not necessitate the conviction of the other defendant. The record reveals that appellant did not request such a charge, and when asked by the trial court whether there were any objections, appellant's counsel neither objected to the charge as given nor reserved the right to later object. Thus, appellant has waived the right to raise the issue on appeal. *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 7, 1990 —
REHEARING DENIED MARCH 16, 1990 —

*Michael S. Greene*, for appellant.

*Thomas C. Lawler III*, District Attorney, *Donald L. Johstono*, *Debra K. Turner*, Assistant District Attorneys, for appellee.