A91A1308. SHROPSHIRE v. THE STATE.
(411 SE2d 339)

ANDREWS, Judge.

Shropshire was tried by a jury on charges of possession of cocaine with intent to distribute, possession of marijuana and possession of a firearm during the commission of a felony. The jury returned a verdict of guilty on the first count, not guilty on the second and third counts, and Shropshire appeals. In his sole enumeration of error, Shropshire claims that the evidence to convict him was insufficient as a matter of law.

Viewing the evidence in the light most favorable to the verdict, the facts showed that at 3:00 a.m. on December 26, 1989, Shropshire was seated in the front passenger seat of a vehicle owned and driven by his cousin, co-defendant Elkins, when the vehicle was stopped by officers of the Chattooga County Sheriff's Department for running another vehicle off the road and for speeding. When the officers stopped the vehicle, Elkins got out of it and potato chips fell from his lap. Shropshire remained seated in the car. In response to the officer's inquiry, Elkins gave the name "Kevin Jackson," the name of another cousin of Shropshire's, and consented to a search of the vehicle. During the ensuing search the officers found five marijuana cigarettes in an ashtray which was located in the middle of the dashboard, a plastic bag containing marijuana and cigarette rolling papers in the console between the driver and passenger seat, and crack cocaine on the floorboard behind Shropshire. After being taken into custody, Elkins informed the officers that a gun was hidden in the potato chip bag behind the driver's seat.

Testimony at trial indicated that the 1.7 grams of crack cocaine found in Elkins' vehicle was the equivalent of 170 doses and was pre-

pared for distribution. An arresting officer testified that there were 17 small rocks of the crack cocaine, three of which were lying on top of the floorboard carpet behind the passenger's seat when the vehicle was stopped. The remainder of the rocks was found in and around a film canister with the lid slightly open which was hidden under the floor mat behind the passenger's seat. All of the crack cocaine was within arm's reach of Shropshire.

At trial, Shropshire claimed that he knew nothing about the cocaine, the marijuana or the gun and that he had been asleep in the car immediately prior to the arrest. Testimony revealed that the results of his urine test were negative for the drug.

We find that there was evidence from which a jury could conclude that Shropshire constructively possessed the cocaine with the intent to distribute it. Possession sufficient to sustain a conviction for possession with the intent to distribute can be actual or constructive. *Walton v. State*, 194 Ga. App. 490 (390 SE2d 896) (1990). " 'A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons shared actual or constructive possession of a thing, possession is joint.' " *Allen v. State*, 191 Ga. App. 623, 624 (2) (382 SE2d 690) (1989).

Sufficient circumstantial evidence was presented at trial to establish that Shropshire had at least joint constructive possession of the contraband in the vehicle. See generally *Moody v. State*, 126 Ga. App. 108 (189 SE2d 889) (1972). There was evidence from which a jury could conclude that the crack cocaine was visible, and that Shropshire had access to it and the power to exercise control over it. Additionally, the drug and the gun were hidden in a manner consistent with being hastily hidden and " '(w)here transactions involving relatives are under review[,] slight circumstances are often sufficient to induce a belief that there was collusion between the parties.' " *Robinson v. State*, 175 Ga. App. 769, 772 (2) (334 SE2d 358) (1985); *Gabbidon v. State*, 184 Ga. App. 475 (361 SE2d 861) (1987). Based on these facts, we find Shropshire's reliance on *Llaguno v. State*, 197 Ga. App. 789 (399 SE2d 564) (1990); *Cochran v. State*, 190 Ga. App. 884 (380 SE2d 319) (1989); *Oldwine v. State*, 184 Ga. App. 173 (360 SE2d 915) (1987); and *Shirley v. State*, 166 Ga. App. 456 (304 SE2d 468) (1983), misplaced. Furthermore, evidence regarding both the division and the quantity of the crack cocaine gave rise to an inference that Shropshire had the intent to distribute it. *Allen*, supra at 625; see OCGA § 16-13-30 (b).

In conclusion, the evidence was sufficient for a rational trier of fact to have found Shropshire guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 7, 1991.

McCamy, Phillips, Tuggle & Rollins, Stephen A. Williams, for appellant.

Ralph Van Pelt, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney, for appellee.