A92A0446. WOOD v. THE STATE.
(419 SE2d 534)

BEASLEY, Judge.

Appellant was convicted of possession of cocaine with intent to-distribute in violation of OCGA § 16-13-30. Her sentence is eight years' imprisonment and a $5,000 fine.

A GBI agent testified that he had been conducting an undercover narcotics investigation with the Jackson County Sheriff's Department in the winter and spring of 1987. Based on reliable information provided to him by a confidential informant in regard to appellant's use, possession, and sale of cocaine, he obtained a warrant to search her home. When he arrived, her brother Jeffrey White, who did not live there, was standing in the doorway. As the agent approached White, he heard the commode flushing and believed that evidence was being destroyed.

There was only one bathroom in the house, and the agent went to it immediately, but the commode had already flushed. He then found appellant in her bedroom in the front of the house. She was standing beside the bed in her night clothing, No cocaine was found in her possession or in the residence. At the time of the search, the house was also occupied by appellant's small baby, her sixteen-year-old son, and her seven-year-old daughter. Appellant's older son also lived in the house and arrived while the search was in progress.

The GBI agent and another officer went under the house and located a septic tank, in which they found a large plastic bag containing many smaller bags. Three small bags harboring cocaine were recovered. Approximately 50 bags with their corners cut, a common way to package cocaine, were recovered.

The agent testified that White told him that appellant had flushed the commode as law enforcement authorities entered the house. The agent also testified that White could not have flushed the commode, based on his presence in the doorway at the time the commode was flushing. The small child was in the bed asleep, and appellant's young son was in the very rear bedroom.

A forensic chemist for the State Crime Laboratory testified that the consistency of the cocaine showed that it had not absorbed as much moisture as it would have had it been in the septic tank for a long period of time. The bags had not sunk but were floating on top of the waste water.

Appellant testified that her children did not have anything to do with cocaine being flushed down the commode. Her husband, who had been convicted of violating the Controlled Substances Act and sent to prison, had not been in the house for over three-and-one-half months prior to the search.

1. Appellant challenges the sufficiency of the evidence to support the verdict.

She argues that hearsay statements by her brother and the confidential informant, inculpating her, were without probative value as to her guilt, even though no objection was made to the introduction of these statements. This argument is meritorious. See *State v. Speir*, 189 Ga. App. 254, 255 (2) (375 SE2d 298) (1988); *Rodriguez v. State*,

184 Ga. App. 819 (1) (363 SE2d 23) (1987). This evidence, therefore, is not considered in reviewing sufficiency.

The probative evidence was sufficient to authorize a rational trier of fact in finding beyond a reasonable doubt that appellant was the individual who disposed of the cocaine, that she had thereby been in possession of it, and that the way in which it was packaged established an intent on her part to distribute it. Compare *Myers v. State*, 193 Ga. App. 372 (387 SE2d 640) (1989). The evidence is construed in a light most favorable to the verdict. *Adams v. State*, 255 Ga. 356, 357 (1) (338 SE2d 860) (1986).

2. Appellant next contends that the trial court was without authority to order her to pay a fine since she was not placed on probation.

OCGA § 17-10-8 provides that "[i]n any case where the judge may, by any law so authorizing, place on probation a person convicted of a felony, the judge may in his discretion impose a fine on the person so convicted as a condition to such probation." *Hendrix v. State*, 199 Ga. App. 599, 602 (3) (405 SE2d 576) (1991), explains: "This means only that the trial court may impose a fine when the trial court is authorized to and, in fact, does award 'such probation.' Where the trial court does not award probation, the imposition of a fine in addition to a prison sentence is outside the trial court's discretion and not authorized by any law cited to us. [Cit.]"

The conviction and sentence of imprisonment are affirmed but the imposition of the fine, which the State concedes was in error, is reversed.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 5, 1992.

*Jerry C. Gray, Donna L. Avans*, for appellant.
*Timothy G. Madison, District Attorney*, for appellee.