## A93A2297. REID v. THE STATE.
(442 SE2d 852)

SMITH, Judge.

Charles Reginald Reid was convicted by a jury of possession of cocaine with intent to distribute. OCGA § 16-13-30 (b). His motion for new trial was denied. On appeal, he contends that the evidence was insufficient to support his conviction. We agree and reverse.

The evidence presented at trial showed that Investigator Keith Corley of the Monroe County Sheriff's Department was told by a reliable confidential informant that a young black male from Atlanta, who was a passenger in a car, was selling crack cocaine. The informant described the car, identified the driver, described the passenger's clothing, and told Corley where the car was headed. Corley immediately located the car and followed it into the apartment complex the informant had named as its destination, pulling in behind it as the car was parked. He then had the two occupants exit the car and searched them, finding no drugs. The passenger was identified as Reid, and the driver as Jerry Buckner. Although the dissent only makes bare mention of it in a footnote, the evidence was in conflict as to whether Buckner, as well as Reid, exited the car on the passenger side. Reid testified that the driver's side door had jammed and that

Buckner had to cross over and exit on the passenger side. Corley testified to the contrary, that he did not recall that the driver's door had jammed and that he remembered that Buckner got out on the driver's side. Corley then searched the car with Reid's consent and found a plastic ziplock bag containing what appeared to him to be crack cocaine. He found the bag on the floorboard on the passenger side of the car between the place where the bench seat was bolted to the car's frame and the passenger door, approximately six inches from the door. Chain of custody was established by the State, and a forensic chemist from the State Crime Laboratory who had analyzed the bag's contents testified the bag contained 1.7 grams of crack cocaine. The State then rested.

Reid testified in his own behalf, denying possession or knowledge of the drugs in the car. He testified that he lived in Atlanta and arrived in Monroe County that morning. He and a friend walked to a local park, where they met Buckner. Buckner gave him a ride to a fast-food restaurant and bought him lunch, and it was Buckner's idea to drive then to the apartment complex "to see a girl." He testified that Corley asked him if he could search the car "like it was my car. So I said go right ahead." He testified he told Corley the bag with cocaine was not his and asked Corley to fingerprint the bag to show he had not touched it, but it was not fingerprinted in his presence. Corley testified he asked the crime lab to fingerprint the bag, but the lab informed him that is no longer done in drug cases. The forensic chemist confirmed this testimony.

In prosecuting Reid, the State relied on circumstantial evidence to show constructive rather than actual possession, since no evidence showed Reid in actual possession of any drugs.[1] This is, of course, permissible, but " '[a] finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction.' [Cit.]" *Whipple v. State*, 207 Ga. App. 131, 132 (1) (427 SE2d 101) (1993). Nothing more was shown here. The informant did not testify. Notwithstanding Reid's failure to object, Corley's testimony regarding the substance of the information he received from the informant was

---

[1] The dissent relies on *Allen v. State*, 191 Ga. App. 623, 624 (2) (382 SE2d 690) (1989); *Shropshire v. State*, 201 Ga. App. 421 (411 SE2d 339) (1991); and *Chitwood v. State*, 166 Ga. App. 62 (1) (303 SE2d 307) (1983), to show that passengers in automobiles were found to be in possession of drugs in circumstances where the contraband was less accessible to them. However, in those cases the drivers were charged as well, and the passengers were found to be in *joint* possession of the drugs, along with the drivers. That is not the case here, where the driver was not charged. Here, the State had the burden of showing that Reid was in *sole* constructive possession of the drugs.

inadmissible hearsay without probative value, and it will not be considered in reviewing the issue of the sufficiency of the evidence. *Wood v. State*, 204 Ga. App. 467, 468-469 (1) (419 SE2d 534) (1992). Unlike *Whipple*, no presumption of possession arose here, because it is undisputed that Reid did not own or control the car.

Here, as in *Whipple*, supra, "[w]e recognize that the factfinder is usually in the best position to determine questions of reasonableness when evidence of guilt is circumstantial. [Cits.]" Id. Nevertheless, since no presumption of possession arose here, we find no evidentiary basis upon which the jury could have concluded beyond a reasonable doubt that Reid was in knowing possession of the cocaine. See *Llaguno v. State*, 197 Ga. App. 789, 791 (1) (399 SE2d 564) (1990). The evidence showed only that a certain amount of crack cocaine was found on the floorboard between the seat and the door on the passenger side of the car near where Reid had been sitting and that Reid denied he had seen Buckner with any drugs that day. Of course, contrary to the dissent's assertion, the fact that Reid never *saw* Buckner with drugs does not exclude the hypothesis that the drugs belonged to Buckner; it is inconsistent only with a theory that relies upon Reid having *seen* Buckner with drugs, and it therefore *excludes* only such a theory. Moreover, a defendant does "not have the obligation to offer a theory consistent with innocence. Rather, the [S]tate had the burden of proving guilt. In a case such as this one, involving wholly circumstantial evidence, the law demands that 'the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' [Cit.]" *Howard v. State*, 148 Ga. App. 598, 600 (5) (251 SE2d 829) (1979). The circumstantial evidence presented here was insufficient to exclude every other reasonable hypothesis save that of Reid's guilt, and his conviction must be reversed. See *Whipple*, supra; *Byers v. State*, 204 Ga. App. 552, 556 (4) (420 SE2d 23) (1992).

*Judgment reversed. Pope, C. J., Birdsong, P. J., Cooper and Blackburn, JJ., concur. McMurray, P. J., Beasley, P. J., Andrews and Johnson, JJ., dissent.*

BEASLEY, Presiding Judge, dissenting.

I respectfully dissent. The only hypothesis the defendant offered, other than his constructive possession of the cocaine, was that the driver/owner of the car was the sole owner of the cocaine. This hypothesis is excluded by defendant's own testimony, that he had not seen the driver/owner with any cocaine that day. Yet it was within view. See OCGA § 24-4-6. The officer, considering all the circumstances within his knowledge, including the information from the informant and his interview of the driver whom he knew by name, did not charge him or seize the car. The officer was experienced in such

cases, having made about 200 narcotics cases, and was specially trained in the conduct of the narcotics trade.

There was circumstantial evidence which, together with reasonable inferences derived therefrom and a lack-of-credibility rejection of defendant's trial testimony denying knowledge and ownership of the cocaine, that defendant was in constructive possession. " 'A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it.' " *Allen v. State*, 191 Ga. App. 623, 624 (2) (382 SE2d 690) (1989). As in *Allen*, wherein the passenger's conviction was affirmed, passenger Reid "had access to the contraband and thus the power to exercise control over it" even if the driver was also implicated. Id. at 625.

Here the cocaine was even more easily accessible by Reid than it was to the passenger convicted in *Shropshire v. State*, 201 Ga. App. 421 (411 SE2d 339) (1991). There it was found *behind* the passenger's seat, on top of the carpet and under the floormat. In this case, Reid did not even have to turn around to get it; he just had to put his hand down.

Appellant contends that his case is similar to that of the passenger in *Tharpe v. State*, 166 Ga. App. 456 (1) (304 SE2d 468) (1983). To the contrary, in *Tharpe* the drugs were concealed in a gym bag which the driver had brought from his apartment, which gym bag was on the floor in front of the rear seat where *another* passenger was riding. There was no evidence that Tharpe even knew the bag was in the car. The proximity in this case is immediate, access was close, and the cocaine was in a typical drug container through which it could be seen easily.

Intent to exercise control over it may be inferred from the circumstances. *Allen*, supra at 625. In *Chitwood v. State*, 166 Ga. App. 62 (1) (303 SE2d 307) (1983), the passenger's conviction was affirmed even though the marijuana was found on the floor in the middle of the floorboard on the driver's side. The driver, Chitwood's wife, testified that it was hers. The court applied the law, that the question of Chitwood's intent became a question for the jury where it could be inferred from the circumstances. The circumstances permitted an inference of intent, even though, as the court pointed out, the marijuana was closer to the driver than to the passenger.

Here the ziplock plastic bag of cocaine was not only closer to the defendant passenger and within the view of the officer when he looked down, but it was not within reach of the driver. The jury could see the bag, filled with 28 rocks of crack cocaine valued at about $300 and weighing 1.7 grams, and get a good idea of how it must have looked on the floor of the car. The bag was between the front bolt-down place of the bench seat and the passenger door, about six inches

from that door. Thus it was inferentially between defendant's feet and the door, from which only the defendant exited.[2] No other evidence of cocaine involvement, such as paraphernalia, was found in the car.

Even without the evidence that the officer was looking for defendant because of reliable information that he was from Atlanta, was selling cocaine, had a ziplock bag of it, and was in the car of a named driver (see OCGA § 24-3-1; *Teague v. State*, 252 Ga. 534 (1) (314 SE2d 910) (1984)), whom the officer knew, the evidence is sufficient.

In *Harris v. State*, 236 Ga. 242, 244 (1) (223 SE2d 643) (1976), the rule applicable here was quoted: " 'Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors. After having heard the witnesses and having observed them testify, they are more capable of judging of the reasonableness of a hypothesis produced by the evidence, or the lack of evidence, and the defendant's statement, than is a court of law.' " It is only where there appears a hypothesis pointing to innocence, "and which tested by all human experience is a reasonable one," that the court may declare it so as a matter of law. Id. at 245. We cannot do so here, and I am even more persuaded to this view by the fact that the trial judge, who was acquainted with more evidence than appears to us in words on a written page alone, reviewed the evidence and denied a new trial on this same ground. On a motion for new trial, the court sits as a thirteenth juror, and the discretion to grant a new trial should be invoked only where the evidence preponderates heavily against the verdict. *Ricketts v. Williams*, 242 Ga. 303, 304 (248 SE2d 673) (1978).

The evidence was sufficient for a rational trier of fact to have found Reid guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Whether the driver was also in constructive possession, so that it was joint instead of sole, is irrelevant to defendant's guilt. By electing not to charge the driver, the State did not take on, as a matter of law, the burden of proving *sole* constructive possession in defendant.

I am authorized to state that Presiding Judge McMurray, Judge Andrews, and Judge Johnson join in this dissent.

---

[2] Although defendant testified that the driver exited on the passenger side, we must take the evidence in the light most favorable to the verdict. See generally *Avans v. State*, 207 Ga. App. 329 (1) (427 SE2d 826) (1993).

DECIDED MARCH 16, 1994 —
RECONSIDERATION DENIED APRIL 1, 1994.

*Henry C. Johnson, Jr.*, for appellant.
*Tommy K. Floyd, District Attorney, Charles E. Rooks, James L.
Wright III, Assistant District Attorneys*, for appellee.

